## In re DAVIDSON'S ESTATE.

Circuit Court, Palm Beach County, Civil Appeal.

January 23, 1956.

C. D. Blackwell, West Palm Beach, for the appellants.

Potter, Langbein & Burdick, West Palm Beach, for the appellee.

JOSEPH S. WHITE, Circuit Judge.

This cause was heard after due notice on an appeal from the county judge's court in a probate matter, and argument of counsel.

The order from which the appeal has been taken was entered on November 2, 1955, and awarded the widow of the deceased, as family allowance under the statute, the sum of $4,200. Such award was made after previous assignment of dower to the widow and the appellants contend that the county judge was without authority to grant "family allowance" *after* assignment of dower. See: In re Gilbert's Estate (Fla.), 36 So. 2d 213.

Unquestionably it is the general rule that "family allowance" cannot be made after the assignment of dower. However, this case has its peculiarities.

Louis Davidson died testate December 2, 1950. The following provision for his widow was made in his will—"I hereby direct that my wife shall receive and draw from the business a weekly income of Fifty Dollars ($50.00) per week for and during the term of her natural life and in addition thereto, she shall be allowed to draw from said business such amounts as may be necessary for the maintenance of her home and carrying charges on the home such as taxes, insurance and repairs, and with a further provision that in case of necessity, she may be allowed to draw a sum not exceeding Five Hundred Dollars ($500.00) during any one year."

On October 5, 1951 the widow filed in the county judge's court an election to take dower, rather than the amounts provided by the will.

On February 8, 1952 the widow filed a petition for the assignment of dower and therein made "claim as widow, exclusive of dower, to so much of said property as is necessary to satisfy family allowance and additional family allowance as provided by law;".

Thereafter, commissioners were appointed to assign dower to the widow and pursuant thereto, on December 17, 1952, the widow was paid on account of such dower, the sum of $12,833.32. The as-

signment of dower was approved by the county judge and by order dated June 10, 1953 it was provided—"This order is also without prejudice to any rights of the widow to family allowance and supplemental family allowance, and the widow is hereby reserved leave to pursue such rights either in this court or in connection with any accounting to be had in chancery suit #30,296 pending in the circuit court of Palm Beach County."

The record reveals that notwithstanding that the widow had dissented from the will and had elected to take dower, the executors from December 7, 1950 to April 17, 1952, paid to the widow, or on her account, various and sundry amounts of money aggregating $6,965.44. These payments were made prior to the assignment of dower to the widow.

In his order dated November 2, 1955, from which this appeal was taken, the county judge stated—"That petitioner did not make earlier claim for family allowance, pending negotiations with the executors and with beneficiaries of the estate, and while she was receiving from the estate, without prejudice, periodic payments ultimately charged against her dower;".

Thus, it appears that in settling dower with the widow, the executors charged her with at least a portion of the "periodic payments." They were charged against her "without prejudice." That being the case, the widow should have the right to say that the advances be charged to "family allowance." This she has done, and it is the view of the court that the county judge did not err in granting her request under the circumstances.

Actually, the allowance here after assignment of dower, is in the nature of an "off-set" against advances made prior to the assignment of dower. The widow is not entitled to interest.

Affirmed. Court costs are taxed against the estate.