PEARSON, Judge.
Appellant, executor of an estate, is appealing from an order of the County Judges’ Court for Dade County, which order granted a family allowance to the ap-pellee, widow of the deceased, pursuant to section 733.20(d), (i), Fla.Stat., F.S.A. Appellant contends that there was no factual basis for granting the allowance. Under the terms of section 733.20(d) and (i), supra, it is clear that the county judge is given the discretion to determine the necessity for an allowance to the widow or minor children, and in the absence of a showing of an abuse of the exercise of this discretion, this court will not disturb an order granting a family allowance.
A review of the proceedings and testimony taken before the county judge indicates that there was sufficient evidence to support an order granting a widow’s allowance.
Appellant further contends that an antenuptial agreement entered into by the decedent and his widow, in which the latter waived any statutory interest in her husband’s estate and also waived her right to elect to take against her husband’s will, bars her right to a widow’s allowance. The widow denied the validity of the agreement in the proceedings before the county judge. The validity of this prenuptial agreement was not determined at the time of the hearing. We, therefore, hold that a prenuptial contract will not bar a widow’s allowance prior to a determination of its legal effect.
Affirmed.
HORTON, J., concurs.
CARROLL, CHAS., C. J., concurs specially.