114 So.2d 642 (1959)
Eva Shuman YOUNGELSON, Appellant,
v.
ESTATE of Max YOUNGELSON, Deceased, Appellee.
No. 58-669.
District Court of Appeal of Florida. Third District.
September 24, 1959.
*643 Lebowitz & Beller, Miami Beach, for appellant.
Dermer & Rosen, Morris G. Warner and Alan H. Rothstein, Miami Beach, for appellee.
PEARSON, Judge.
The appellant is the widow of the deceased. She appeals from an order of the County Judge's Court whereby: (1) her petition for widow's allowance was denied, (2) her petition for assignment of dower was denied, (3) her petition for declaration of certain property as homestead was denied.
The appellant and her deceased husband were married in 1954. Shortly thereafter the husband and wife executed a post nuptial agreement whereby the widow agreed to release, in the consideration of the sum of $5,000 to be paid her upon her husband's death, "* * * all rights and claims in and to the Estate of the Party of the first part, including rights of dower, statutory rights, rights of support, homestead rights, widow's allowances and every claim of every kind or character which she now has or may hereafter have against the party of the first part * * *." The widow contends that she was required to execute this agreement in order to obtain her husband's consent to a religious marriage ceremony. Her husband died in 1958. Thereafter, the widow, the personal representative and the other heirs of the estate entered into a new settlement agreement. By this second agreement the widow affirmed her release of her husband's estate and the heirs of the estate from all of the charges mentioned in the first agreement.
This second agreement provided that the widow might live in the premises occupied by the parties as their home for a period of six months and for a payment to the widow of $7,500 instead of the $5,000 provided in the first agreement. Shortly after the execution of the second agreement the widow notified the personal representative that she did not consider herself bound by said agreement and filed in her husband's estate an election to take dower, a petition for widow's allowance, and a petition to have certain property declared as homestead property. With these last documents the widow filed a further petition whereby she asked the county judge to declare void the settlement agreement made with the personal representative and the other heirs.
Upon the denial of all her petitions the widow brought this appeal and raises the following questions: (1) Can the county judge determine the enforceability of the two contracts involved? (2) Can such contracts bar a widow's right to claim dower? (3) Can such contracts bar a widow's right to claim homestead? (4) Can such contracts bar a widow's right to family allowance?
Upon the first question, as to the county judge's authority to act upon the widow's petition to void the settlement agreement, we find that this question is not properly before us. It immediately appears that the widow by her petition asked the county judge to disregard the agreement in question. She cannot now be heard after the decision of the trial judge on *644 the petition to say that she should not have so acted. In addition, it appears that the real question under this point is whether a county judge may be held in error for denying the petition. The county judge simply refused to act as the widow requested. She has not sought the aid of a court of equity, but has relied upon a position that the personal representative must justify the agreement once it is attacked. The county judge's refusal to act was not error.
The order of the county judge in this particular provided as follows:
"(1) That the petition of Eva Shuman Youngelson filed herein, to void the settlement agreement of May 27, 1958, on file herein, between the petitioner, Eva Shuman Youngelson, and the executor herein and the heirs herein, be and the same is hereby denied."
It is apparent therefore that the county judge based his decision upon the settlement agreement of May 27, 1958, which was made after the death of the husband and to which the executor and the heirs were parties. The settlement of disputes and particularly the amicable disposal of family arguments over the settlement of estates is favored by the law and will be given effect in the probate of estates. Hendrick v. Redfearn, Fla. 1956, 88 So.2d 620. Such an agreement does not stand on the same basis as an agreement between husband and wife. Cf. Horney v. Rhea, 152 Fla. 817, 12 So.2d 302.
As to the application of the agreement to appellant's claim for dower, it is suggested that since the agreement of May 27, 1958, was made after the death of her husband and within the time during which the widow may by statute elect to claim dower, that she may during this time rescind an agreement, change her mind and take advantage of the statutory privilege to claim dower. Cf. Exchange Nat. Bank of Winter Haven v. Smith, 148 Fla. 473, 4 So.2d 675. This is an interesting argument but it overlooks the fact that the county judge was bound to recognize the presumptively valid settlement of her rights. Hendrick v. Redfearn, supra.
Upon the question of the widow's ability to make a contract concerning her right to claim certain property as homestead, it is clear that a prohibition would not be in keeping with the best interest of litigants seeking to settle estates. As pointed out the agreement made with the heirs and the personal representative after the vesting of the right of the widow is not on the same footing as a post nuptial agreement. Here again the agreement is presumptively valid and can only be set aside in a proper action upon a showing of fraud or overreaching. The appellant urges that by "determining the validity" of the agreement, by which she released her right to claim certain property as homestead, that the county judge has determined the title of real estate. This contention cannot be sustained inasmuch as the county judge's order simply provided that upon the face of the record and in view of the widow's lawful contract whereby she settled certain rights and claims between herself and the estate, that she could not later come forward and enforce rights she had released as a part of her settlement. To be sure, the courts do not favor a release of homestead rights. However, this is not to say that homestead rights cannot be legally dealt with by a widow in whom they have vested. See In re Ruch's Estate, Fla. 1950, 48 So.2d 289.
The last point presented is whether or not the agreement of the widow made after the death of her husband can bar a family allowance. We find that this question is not properly presented upon this appeal. A claim for a family allowance must be considered as a right against an estate granted by statute to a widow or dependent family where necessary to meet an emergency situation. Section 733.20(1) (d), Fla. Stat., F.S.A., In re Gilbert's Estate, 160 Fla. 528, 36 So.2d 213; In re Stein's Estate, Fla.App. 1958, 106 So.2d 2. Further *645 the allowance of such fund is within the sound discretion of the county judge. In re Stein's Estate, supra. The order of the county judge denying the petition of the widow for an allowance from the estate is not shown to be an abuse of his discretion in this particular because the need of the widow was not proved. The record actually demonstrates that she is entitled to an immediate payment of $7,500 from the estate. This payment will eliminate any need that might exist.
Having determined that the county judge committed no error, the order appealed from is hereby affirmed.
Affirmed.
HORTON, C.J., and CARROLL, CHAS., J., concur.