WHITE, Judge.
Erline Anderson appeals a probate order denying her petition for a family allowance,[1] specifically a widow’s allowance, from the estate of her deceased husband Merle F. Anderson.
Appellant and decedent on the date of their marriage, March 1, 1954 entered into an antenuptial agreement by which each relinquished all interests and claims which he or she might have in or with respect to the other’s estate, including homestead and dower. The decedent’s death occurred January 8, 1961 and by his will he left nothing to the appellant. The named executor, Kenneth H. Anderson, was respondent below and is the appellee here.
On July 24, 1961, more than six months after decedent’s death, the appellant filed (1) an election to take dower, and (2) her initial petition for a widow’s allowance. The executor pleaded the antenuptial agreement. By order of August 1, 1961 the probate court rejected the claim for dower and denied a widow’s allowance inasmuch as Erline Anderson had “surrendered her rights, interests, dower and homestead in and to the estate and property of the decedent” and had “instituted no proceedings challenging the validity of said antenuptial agreement.” This order was in terms without prejudice. No appeal was undertaken and we have before us no record of the evidence and arguments, if any, presented at the hearing.
On August 23, 1961 appellant filed suit in chancery to set aside the antenuptial agreement, but no new petition for widow’s allowance was then filed and presented to the probate court. The present record on¡ appeal indicates that the chancery suit was dismissed with prejudice on January 17,. 1962.
On February 5, 1962 appellant again petitioned for a widow’s allowance. This was-nearly 13 months after the decedent’s death. The executor questioned the right to such an allowance in view inter alia of the decree dismissing the suit to set aside the antenuptial agreement. The executor also pleaded laches and insisted that the need for an allowance had not been shown. It was further urged defensively that the granting of an allowance at that time would prejudice and hinder the closing of the estate. The probate court denied the petition by order of March 8, 1962, and it is this order that is before us for review. No question of dower is here involved. The order under assault reads in part as follows:
“ * * * it appearing unto the Court that on the 17th day of January, 1962, the Circuit Court of the Twelfth Judicial Circuit of Florida, in and for Sarasota County, in that certain cause entitled ERLINE ANDERSON, a widow, Plaintiff, vs. KENNETH H. ANDERSON, as Executor of the Estate of MERLE F. ANDERSON, deceased, et al., Defendants, being Chancery Case No. 14724, dismissed the Complaint of the said ERLINE ANDERSON, which sought to cancel and set aside the Ante-Nuptial Agreement made and entered into between her and the decedent, which said Order was with prejudice on and after fifteen days from the date thereof, and that by reason thereof said Petition for Family Allowance was filed subsequent to the date on which it was determined by the Circuit Court that said *67 Ante-Nuptial Agreement was valid and binding in depriving ERLINE ANDERSON of any right, interest, dower or homestead in and to the estate of the deceased, by virtue of all of which it is the opinion of this Court that said Petition for Family Allowance dated the 5th day of February, 1962, was not timely filed and should he denied, and the Court being otherwise advised in the premises, it is
“ORDERED AND ADJUDGED, that the Petition for Family Allowance of ERLINE ANDERSON, the widow of the above named decedent, be, and the same is hereby, denied.”
There is no dispute that appellant’s petition for a widow’s allowance was the assertion of a claim against the estate and not strictly a claim to an interest in the estate. Appellant protests that in effect the probate court held that she first applied too soon and then, on the subsequent petition, applied too late; and appellant contends that the court erred in not treating her application as an independent claim in the nature of a vested right. The appellee urges that the granting or withholding of such an allowance is largely in the discretion of the probate court, that such a claim is not an absolute right in the strict sense of that term, and that in any event appellant defeated whatever right she may have had by the inept and dilatory prosecution of her claim.
In view of the nature of the allowance sought, we are constrained to the view that the appellant did not prosecute her claim with sufficient circumspection and diligence. Accordingly we deem it unnecessary to discuss at length or to decide whether or not appellant’s claim in some amount would have been allowable had she made an early application, coupled with a showing that she had in fact attacked the agreement or sought its construction, and implemented her claim with a proffer of specific evidence of necessity.
The appellant made a tardy application in the first instance and did not press it to an appealable conclusion. Her subsequent petition, here involved, was filed when the estate was ready to be closed and at a time when her attack on the antenuptial agreement had failed; and there were still no specifications as to actual need of a temporary allowance in any amount. The appellant, in brief, has not presented a record from which we can appropriately pass upon other questions of a substantive nature suggested by this appeal. See Widmeyer v. Olds, Fla.App.1962, 144 So.2d 825.
 The nature of a family allowance is analogous to a temporary alimony award. The purpose of each is to provide immediate and expedient relief in order to meet daily necessaries until such time as a final settlement or award can be determined and effectuated. The statutes generally are designed “to relieve immediate necessities of decedent’s family during the pendency of administration of his estate.” 21 Am.Jur., Executors and Administrators, § 314. See also Miller v. Collins, 143 Iowa 120, 121 N. W. 700; Pulling v. Wayne Probate Judge, 85 Mich. 34, 48 N.W. 48; 34 C.J.S. Executors and Administrators § 323. “A claim for a family allowance must be considered as a right against an estate granted by statute to a widow or dependent family where necessary to meet cm emergency situation.” (Emphasis supplied.) Youngelson v. Youngelson’s Estate, Fla.App.1959, 114 So.2d 642, 644.
In Gilbert v. Gilbert, 1948, 160 Fla. 528, 532, 36 So.2d 213, 215, the Florida Supreme Court quotes the following from Woerner’s “The American Law of Administration” pp. 234-236:
“ ‘These provisions for the protection of the family constitute no gift to the widow to repair any seeming injustice in the Statute of Distribution or the will of her husband, but are intended to furnish to her and her minor children the means of temporary maintenance out of the estate of the deceased *68 husband until their interest therein can be sent out to them * * ” (Emphasis ours.)
As previously noted, appellant did not file the instant petition during the time the circuit court was acting on her suit attacking the validity of the antenuptial agreement. She waited until the estate was about to be closed before filing a new petition, and again she failed to proffer any evidence of need. It has been held that a claim to such allowance may be barred by failure to assert it properly within a reasonable time. See e. g. 34 C.J.S. Executors and Administrators § 347. Redfearn on “Wills and Administration of Estates in Florida” 2nd Ed. § 287 comments as follows:
“The application shotild be made promptly after the beginning of the administration, but it may be made at any time during the administration unless the delay has been so long that it results in embarrassment or difficulty in the settlement of the estate. Lisk v. Lisk (1891), 155 Mass. 153, 29 N.E. 375.” (Emphasis supplied.)
It has been held that a widow’s allowance is merely a preferred claim against the estate of the deceased which may, however, be waived like any other claim. In re Somerville’s Estate, 64 S.D. 238, 266 N.W. 158. It also has been held that there can be no vested right to such allowance until the court has granted it. In re Blair’s Estate, 1954, 42 Cal.2d 728, 269 P.2d 612. See .also 21 Am.Jur., Executors and Administrators, § 321; 34 C.J.S. Executors and Administrators § 341.
It is apparent that some questions pertaining to “family allowance” in Florida have not yet been interpreted by court decision. Such questions either have not been raised or were not necessarily involved in the cases thus far decided. The courts generally have confined their decisions to the exigencies of the particular cases. We do not here decide whether a particular ante-nuptial agreement may or may not be sufficient to bar a family allowance. It has been held, however, that an antenuptial agreement will not bar a widow’s allowance prior to a determination of its legal effect. In re Stein’s Estate, Fla.App. 1958, 106 So.2d 2. Cf. Johnson v. Johnson, Fla.App. 1962, 140 So.2d 358, 360. Thus a reasonable allowance based on a clear showing of need may be justified in instances where the agreement is subjected to prompt litigation and that fact is brought promptly to the attention of the probate court. By not pressing her initial petition the appellant apparently rested her claim on the contingency that her antenuptial agreement ultimately would be held invalid. In any event the extensive delays suggest that, after all, a temporary support allowance was not a matter of immediate deed or urgency as contemplated by the statute.
Affirmed.
KANNER, Acting C. J., and McCORD, GUYTE, Jr., Associate Judge, concur.

. FJ3. § 733.20(d) (i). F.S.A.