PEARSON, TILLMAN, Chief Judge.
This is an appeal by Anne Levine who made claims for family allowance and dower in the estate of Sam Levine, deceased. Gus Feuer is the executor of the estate of Sam Levine. The appeal is from two orders entered by one.of the county judges of Dade County, Florida. The first, dated January 3, 1962, denied appellant’s petition for family allowance and found that the petitioner was not the widow of Sam Levine. The second, dated February 7, 1962, struck appellant’s petition for order for assignment of dower. Sam Levine died on February 26, 1961; and on July 27, 1961, the petitioner filed her petition for family allowance, claiming to be the widow of the deceased. The executor filed his objection to the petition, alleging that the petitioner was not the surviving spouse of the deceased. After taking testimony, the court on January 3, 1962, entered its order denying the petition.[1]
*786 On January 26, 1962, the appellant filed her petition for order for assignment of dower alleging that she was .the widow of the deceased, that she had elected to take dower, and praying that the question of right to dower be submitted to a jury in accordance with § 733.12(3) Fla.Stat., F.S.A.[2] The executor moved to strike the petition on the ground that the petition was not filed by the widow of the deceased, and further that the matter of petitioner’s ■status had been previously determined by the court contrary to petitioner’s contention' — such determination being res ad-judicata as to the petition for dower. On February 7, 1962, the county judge entered his order granting the motion to strike the petition for assignment of dower.[3]
At the hearing before the county judge ■on appellant’s petition for family allowance, petitioner testified that she was the second cousin of Sam Levine and that she had known him all of her life; that in the ■summer of 1958 she went with the deceased to arrange for an apartment; that thereafter she went on a trip to Nassau; that in the summer of 1959 she went to her old home in Wilkes-Barre, Pennsylvania, and stayed at the Host Motel; that in December ■of 1958 the petitioner accompanied “someone” to be admitted to the Mount Sinai Hospital but that she, the petitioner, gave no information to the Admitting Clerk while that person was being admitted. Witnesses testified that the decedent and petitioner rented an apartment in anticipation of their marriage and supposedly went to Nassau on their honeymoon. Evidence was admitted to prove that Mr. and Mrs. Sam Levine registered at the Host Motel in Wilkes-Barre, Pennsylvania, on June 28, 1959. The admitting sheet of the Mount Sinai Hospital reflected that Sam Levine was admitted in the Hospital in December, 1958, and that his wife “Anne” was indicated as his relative. In a rebuttal deposition the petitioner was allowed to testify that she was married to Sam Levine on August 14, 1958, at home and that since that time she had never used the name “Anne Sulkes” which was her maiden name.
Harry Sulkes, the brother of the petitioner, testified that prior to the death of Sam Levine, his sister and Sam Levine were living as husband and wife. He testified that after Sam’s wife Jennie died, Sam asked him to come to Florida to talk things over and that Sam urged him to have his sister come to Florida telling him “I want to marry Anne and make her very happy”. He said that Anne came to Florida and that he was informed that they were married. Other witnesses testified that Sam referred *787 to Anne as his wife; that Sam gave the petitioner a birthday party on April 11, 1960, proposing a toast to her as “my darling wife”. It was further testified that Sam had given the petitioner a gold bracelet inscribed with the words “to my darling wife.”
There was strong documentary evidence against the petition. A deed was introduced dated October 23, 1958, signed by Sam Levine, a single man. Further, there is an affidavit dated October 28, 1958, made by Anne Sulkes in which she swore that she was not known as Mrs. Levine and that she was his housekeeper.
In considering whether appellant has sustained her point on appeal directed to the order denying the family allowance, we must decide (1) whether the court erred in applying the Dead Man’s Statute which prohibited the petitioner from testifying as to her relationship with the deceased, and (2) whether the order of the county judge is supported by sufficient evidence.
It is clear that the application of the Dead Man’s Statute was correct, and the county judge properly sustained objections to the testimony by the petitioner as to any agreement and consent by the deceased to marry her. In addition the judge properly excluded all testimony by the petitioner as to transactions between her and the decedent. Catlett v. Chestnut, 107 Fla. 498, 146 So. 241, 91 A.L.R. 212. The assignments of error filed do not direct our attention to any particular ruling of the county judge in this regard but claim error in general terms upon the theory that the county judge erred in holding that the Dead Man’s Statute precluded the petitioner from testifying to the fact of an agreement. We find no error under such assignments.
Upon the question of the manifest weight of the evidence, we must also decline to hold the county judge in error. The County Judge’s Court being a trial court, the decision of a county judge based upon evidence taken before him is entitled to the same presumption of correctness as a jury verdict, Bardee Corp. v. Arnold Altex Aluminum Co., Fla.App.1961, 134 So.2d 268, and an appellate court will not reverse such a decision unless it is without support in the evidence or is against the manifest weight of the evidence. See Heasley v. Evans, Fla.App.1958, 104 So.2d 854.
The documentary evidence introduced by the executor, especially when taken in conjunction with the obvious failure of the petitioner to introduce documentary evidence of a marriage, was in our opinion sufficient to support the finding of the trial judge. We, therefore, find no error upon the denial of petition for family allowance.
We turn now to the question of the petition for assignment of dower. The record is susceptible to a determination that the appellant as petitioner submitted her entire case upon existence of a marriage relationship at the time that the petition for family allowance was heard; and being dissatisfied with the decision of the county judge, she then determined to try again with a new petition and before a jury. Nevertheless, we think that the county judge erroneously concluded that the matter of the allowance of dower was rendered res adjudicata by his order upon the petition for family allowance.
A petition for family allowance is in the nature of an emergency application for the support of dependents. It is a method provided by the Florida law to prevent suffering by those deprived of their natural support. As such, it must be disposed of expeditiously and without prolonged litigation. See In re Gilbert’s Estate, 160 Fla. 528, 36 So.2d 213; Youngelson v. Youngelson’s Estate, Fla.App.1959, 114 So.2d 642. This statute does not provide for a jury trial,[4]
*788 The petitioner had no right to a jury trial on the issue of her claimed right to a family allowance; therefore, she cannot be said to have waived this right upon a later petition for dower. We think that the county judge’s decision on the petition for family allowance cannot be said to be res adjudicata of the petition for dower even though the issue of widowhood is the same in both instances. To hold that one who applies for a family allowance and loses upon the issue of widowhood is thereafter barred from a trial on petition for assignment of dower, would be to deprive that person of the privilege of a jury trial which is expressly granted in the dower statute. Thus, a woman claiming as a widow could be forced to either (1) abandon her claim for family allowance or (2) run the danger of being denied her right to a jury trial upon a later petition for dower.
It is true that the filing of the election to take dower on September 12, 1961, was shortly after the last hearing on the petition for family allowance (September 8, 1961). It is entirely possible that by this time the petitioner knew that she had lost her first petition, even though the order thereon was not entered until the 3rd of January, 1962. Nevertheless, this does not make dower an issue upon the trial of the petition for family allowance, and we find no circumstance in the proceeding sufficient to form the basis for a holding that by her actions the petitioner waived her right to a jury trial upon this issue.
We therefore conclude that the appellant did not waive her right to a jury trial on the matter of her right to dower, and that the county judge wrongfully determined that her petition was res adjudicata because the issue of widowhood had previously been tried by him. Thus, the county judge wrongfully struck appellant’s petition for order for assignment of dower.
The first order which denied appellant’s petition for family allowance is affirmed except as to paragraph numbered three which is to be stricken. The order of February 7, 1962, which struck appellant’s petition for order for assignment of dower is reversed and this cause is remanded for the entry of an order setting it aside and granting appellant’s petition for a jury trial under § 733.12(3) P'la.Stat., F.S.A.
Affirmed in part and reversed in part and remanded.

. § 733.12(3) Fla.Stat., F.S.A.
“(3) Upon written demand of any party filed twenty-four hours before trial, the question of right of dower shall be submitted to a jury of six persons. The party demanding a jury trial shall, with the filing of his demand, deposit with the county judge sufficient funds to pay for summoning the jury and the fees of the jurors. Fifteen jurors shall be summoned from the body of the county and not from bystanders.”

. The order reads as follows:
“This cause coming on to be heard upon motion of the Executor to strike the Petition for Order for Assignment of Dower heretofore filed herein, and argument of counsel having been heard, and it appearing that the petitioner, Anne Devine, was by order of this Court dated January 3, 1962, found never to have been married to the deceased at common law, or otherwise, and that she has no right, title, interest or claim in and to the estate of the deceased, or any part thereof, either by dower or otherwise, as the surviving widow of the deceased; it having then been found by this Court that she is not the widow of the deceased, and the Court being otherwise fully advised in the premises, it is,
CONSIDERED, ORDERED and ADJUDGED, as follows:
1. That the motion of GUS FEUER, as Executor of the Estate of SAM LEVINE, deceased, to strike the Petition for Order for Assignment of Dower heretofore filed herein by a party who designates herself as ‘Anne Levine’ be and the same is hereby granted.
2. That said Petition be and the same is hereby stricken from the file with prejudice.”

. § 733.20(1) Ma.Stat, F.S.A.
“(d) Class four. If necessary for support, a family allowance of one year’s support for the widow or minor, mentally or physically incompetent children of said decedent, or both such widow and *788 children, in addition to the homestead and exempt personal property. Upon petition of the widow, if any, or of the legal guardian or of the person having the care and custody of a minor child or children, upon notice to the personal representative, a reasonable allowance shall be fixed, by the county judge in personal property or money, or both, for the support of said widow and minor children, considering the needs of the family and the value of the estate. Said allowance or the portion payable in money shall be payable in equal periodic payments to be fixed by the county judge and shall be payable to the widow, if any, for the support of herself and the minor child or children, if any. If there is no widow, then the same shall be payable to the legal guardian or to the person having the care and custody of any minor child or children. Upon the petition of any person interested in the estate, the county judge may increase, decrease, discontinue or modify the allowance; but in no event shall such allowance exceed the sum or value of twelve hundred dollars.” [Emphasis supplied]