MAGER, Judge.
Appellant, executrix, appeals an order of the county judge entered in favor of appel-lee, widow.
The executrix had filed a petition to declare invalid the widow’s election to take dower and to vacate orders for family allowance and supplemental family allow- *241 anee. The petition asserted that the now decedent and his widow prior to their marriage executed a mutual antenuptial agreement, whereby each released any right to take in the other’s estate. The executrix contended that the antenuptial agreement waiver executed by the widow was valid on its face and as such would serve as a ground for vacating the orders establishing family allowance and also vacating the election of dower.
In denying the executrix’s petition to vacate, the county judge was of the view that he was without jurisdiction to consider the antenuptial agreement and that the burden was upon the executrix to have the validity of such agreement determined in the circuit court before any consideration could be given it by the county judge.
Our review of the applicable decisions leads us to the conclusion that the county judge erred in failing to give effect to the antenuptial agreement.
Antenuptial agreements are to be construed as other types of contracts and reach the court with a presumption of validity. Cantor v. Palmer, Fla.App.1964, 166 So.2d 466; McMullen v. McMullen, Fla.App.1966, 185 So.2d 191; Del Vecchio v. Del Vecchio, Fla.1962, 143 So.2d 17; Johnson v. Johnson, Fla.App.1962, 140 So.2d 358. In Johnson v. Johnson, supra, the court discussed the efficacy of antenuptial agreements and observed:
“In our examination of the evidence presented by this voluminous record, certain principles, well established and long recognized in this area of the law, must be our guide: (1) an antenuptial agreement — even though the parties occupy toward each other a relationship of trust and confidence — is presumptively valid and binding upon the parties; while the law requires that each party to the agreement act with the utmost good faith and candor toward the other party, the law presumes that this requirement has been fulfilled and the burden of proving the invalidity of an antenuptial agreement rests upon the party who so charges * * (at 361) (Emphasis added.)
The decision in In re Anderson’s Estate, Fla.App.1963, 149 So.2d 65, lends further support for the proposition that an asserted antenuptial agreement, if unchallenged (in the circuit court), is to be given meaning and effect in the probate court. See also Del Vecchio v. Del Vecchio, supra.
In the case sub judice when the antenuptial agreement was presented by the executrix in support of her petition to vacate, it was clearly within the jurisdiction of the county judge to give full force and effect to this otherwise presumptively valid agreement. If, however, the validity of the antenuptial agreement was questioned before the county judge then the jurisdiction to test the validity of such agreement would lie in the circuit court. In re Estate of Guze, Fla.App.1959, 109 So.2d 170. The fact that such an agreement can only be tested in the circuit court in a separate proceeding does not render such agreement ineffective or meaningless when pled before the county judge’s court. In other words, the county judge must accept such agreement as it is presumptively valid and must give such agreement force and effect with the burden of proving the invalidity thereof resting upon the party who so charges to institute separate proceedings in the circuit court.
By giving effect to an antenuptial agreement the county judge is not passing upon the validity thereof inasmuch as such validity is presumed as a matter of law. To hold otherwise would require a party asserting its existence to apply to the circuit court to establish the validity of an ante-nuptial agreement before it can be pled. Not only is this procedure inconsistent with the basic proposition that an antenup-tial agreement like any other contract is presumptively valid, but, in addition, it would serve to promote litigation for in every instance where an antenuptial agreement was intended to be pled in the county *242 judge’s court, application to the circuit court would be required to determine the legal effect of such antenuptial agreement, notwithstanding the fact that there has been or there may not ever be a challenge to the agreement’s existence or operation. The law does not intend such a result.
Although we conclude that the county judge was in error in not giving the antenuptial agreement legal effect, unless set aside in the circuit court, we cannot under the present state of the record automatically conclude that the orders establishing family allowance and supplemental family allowance are erroneous. No doubt the orders were predicated upon the widow’s apparent right to share in the estate and were intended to relieve the immediate necessities of decedent’s family during the pendency of administration of his estate. See In re Anderson’s Estate, supra. The fact that the existence of an antenuptial agreement raises some question as to the widow’s “right” to such an allowance does not necessarily preclude such an allowance prior to a determination of the legal effect of the antenuptial agreement. In re Anderson’s Estate, supra; In re Stein’s Estate, Fla.App.1958, 106 So.2d 2. An order for family allowance must rest within the sound discretion of the county judge and such order will not be disturbed absent a showing of an abuse of discretion. Although the record does not support any finding of an abuse of discretion the orders for family allowance should be reconsidered on remand in light of our decision with respect to the legal efficacy of the antenuptial agreement. As to whether such allowance should be continued, such factors as need and the exigencies of the situation when viewed in light of possible ancillary litigation involving the legal effect of the antenuptial agreement ought to be considered. See related discussion In re Anderson’s Estate, supra.
Reversed and remanded.
CROSS, J., and McLANE, RALPH M., Associate Judge, concur.