PEARSON, Judge.
The appellant is the widow of Samuel B. Sacks. She appeals from a final order determining several of her claims against the estate. The order determined first that a bequest of $20,000 included in a codicil to decedent’s will was in satisfaction of and not in addition to the sum of $12,000 which the decedent agreed, in an antenuptial agreement, to bequeath to appellant. The second issue determined by the order is that the widow was not entitled to a family allowance under Fla.Stat. § 733.20, F.S.A. The co-executors of the estate as appellees have cross-assigned error upon an additional section of the order. This section awarded to the widow the proceeds of an insurance policy on a demolished automobile in which the decedent was riding at the time of his fatal injury. The award was made pursuant to a provision in the codicil which bequeathed to the widow, “All my tangible personal property, specifically including but not by way of limitation . automobiles and any and all policies of insurance thereon, . . .”.
The points on appeal directed to the refusal to allow as an additional bequest, the $12,000 mentioned in the ante-nuptial agreement, urge that the court erred in construing the will and codicil be *889 cause the clear language required that the widow be awarded both. The provision of the codicil which the court construed is as follows:
******
ARTICLE III
I bequeath the sum of Twenty thousand ($20,000.00) Dollars to my Wife, MARY SACKS. Previous to our marriage my Wife and I entered into an Ante-Nuptial Agreement regarding our respective estates, said Agreement being dated April 29, 1969. This bequest is taking into consideration said Ante-Nuptial Agreement.”
******
The proposition that appellant urges in argument is contrary to the reasoning of this court in Sharps v. Sharps, Fla.App. 1969, 219 So.2d 735. In the Sharps case, the holding is stated as follows:
******
“The antenuptial agreement was properly construed by the court to be a contract to make a will, because, as we demonstrated in Lindeburg v. Lindeburg, Fla. App.1964, 162 So.2d 1:
“ ‘In a contract to make a will, the promisor has the right to change his will, and * * * the right being enforced against the promisor is the contract right, and not the will, in the case of the breached contract to make a will, * * ”
“In the case sub judice, the decedent did not breach his agreement to leave the appellant $150,000.00; in fact, he greatly exceeded this promise with the $250,000.00 bequest.”
******
Appellant’s attempt to distinguish the Sharps holding from the instant case because the codicil in the instant case uses the words “this bequest is taking into consideration said antenuptial agreement” seems to us entirely ineffectual.
Appellant’s point directed to the failure of the court to grant the widow’s petition for family allowance does not present error because the record totally fails to show a need for such allowance. See Youngelson v. Youngelson’s Estate, Fla.App.1959, 114 So.2d 642. In addition, it should be pointed out that the trial court received into evidence the antenuptial agreement which provided for the payment of the amount bequeathed to the widow as soon after her husband’s death as practicable, thus obviating the need for a widow’s allowance. Furthermore, since the validity of the antenuptial agreement is not questioned in this appeal, the waiver of all claims against the estate in consideration of the contract to make a will providing for the payment of $12,000 constituted a waiver of appellant’s claim for a family allowance. See In re Anderson’s Estate, Fla.App. 1963, 149 So.2d 65; In re Someville’s Estate, 64 S.D. 238, 266 N.W. 158 (1936). See also cases collected at 34 C.J. S. Executors and Administrators, § 341.
There remains for consideration only the cross-assignment of error directed to the allowance to the widow of the proceeds of the automobile insurance policy. The appellees as cross-appellants argue that inasmuch as the automobile was destroyed prior to the decedent’s death, there remains only an intangible chose in action which could not be included with the bequest of the automobile and the insurance upon the automobile. Such construction of the will defeats the clear purpose of the decedent to bequeath the automobile and the insurance policy to the widow. It is a cardinal principle in the construction of testamentary documents that the intent of the testator, where it clearly appears, must be given effect. See In re Estate of Smith, Fla.App.1967, 200 So.2d 547; Lawyer v. Munro, Fla.App.1960, 118 So.2d 654. Since we have examined each point presented and find no reversible error, the final order of the probate court is affirmed.
Affirmed.