PER CURIAM.
This is an appeal from a dower judgment against the estate of William Day Hixon. Appellants, decedent’s children by a former marriage, and appellee, decedent’s widow, have all assigned error in this court. We have considered each point which they have raised and believe some to be of merit.
Prior to the hearing on assignment of dower, the court awarded a family allowance of $400 to appellee and $3800 to appellants. Subsequently in assigning dower, the court subtracted $400 from appellee’s dower share. Both sides contend that this calculation was wrong, citing In re Gilbert’s Estate, 160 Fla. 528, 36 So.2d 213 (Fla.1948). However, they differ as to the result for which Gilbert’s calls. Appellee claims that the court should have subtracted $400.00 from the estate before it calculated dower while appellants contend that the court should have subtracted $4,200.00.
While we find that Gilbert contains some conflicting language on this point, we believe that the Gilbert court intended that the entire family allowance should always be subtracted from the decedent’s estate. As the court said,
“Any allowances pursuant to Section 733.20, supra, were independent of dower. After payment of such alimony allowances they should be deducted from the corpus out of which her dower is due and dower calculated, using the remainder after the deduction as a basis.” 36 So.2d at 216 (emphasis supplied)
Consequently we hold that the trial court should have deducted $4,200.00 from decedent’s estate before it calculated the dower share.
Appellee contends in her cross-appeal that the court erred in reducing her dower share by one-third of the life income taxes of the decedent. After examining the statute which governed the assignment *1240 of dower in the case,[1] we find that we must agree. Section 731.34, Florida Statutes (1973), reads in part, “[I]n all cases the dower shall be free from liability for all debts of the decedent and all costs, charges and expenses of administration . . .” We believe that the income taxes of decedent which accrued during his lifetime are clearly personal obligations and therefore must be considered as his debts. Consequently we reverse the judgment of the trial court to the extent that it reduces appellee’s dower by decedent’s life income taxes.
The final point which we believe has merit concerns that part of the judgment in which the court ruled that appellee’s dower rights were diminished to the extent of the liens on the decedent’s law library and Mercedes-Benz. Appellee contends that her dower rights attached to those items of personal property without consideration of the liens. We believe that she is correct.
As we have already noted, Section 731.34, Florida Statutes (1973), exempts a widow’s dower share from all debts of decedent. The liens on the personal property in this case represented security for the decedent’s debts, but the responsibility for payment of those debts falls on the estate. Murphy v. Murphy, 125 Fla. 885, 170 So. 856 (1936); Rubin v. Rubin’s Estate, 144 So.2d 527 (Fla. 3d DCA 1962); Cf. Payne’s Estate, 83 So.2d 109 (Fla.1955).
We realize that our conclusion may conflict with an opinion of one of our sister courts. In Morton v. Morton, 297 So.2d 79 (Fla. 3d DCA 1974), the court held that dower rights attached only to the equity in personal property which decedent held at the time of his death. In so holding, the court apparently relied on the language of a 1963 amendment to Section 731.34 which reads:
“[Njothing herein contained shall be construed as exempting any personal property from liability for any debt secured by written assignment, pledge, mortgage or other security instrument . . . .”
We do not believe, however, that the legislature intended this amendment to change the result of Murphy v. Murphy, supra, and affect the dower rights of the widow as against the estate. Rather, we think that the amendment was intended only to protect the lienholder. In the event the property were foreclosed, the widow would be entitled to recoup from other assets of the estate. See, Florida Probate Practice, Continuing Legal Education, § 7.37 (1973).
We note that appellee also requests relief from that part of the judgment which holds that the lands allocated to dower must bear their share of ad valorem taxes. However, we find that the trial court was correct in its ruling. In re Ratliff's Estate, 137 Fla. 229, 188 So. 128 (1939).
In summary, then, we reverse the judgment of the trial court insofar as it 1) subtracts the $400.00 family allowance from the dower share, 2) burdens the dower share with a portion of the decedent’s life income taxes, and 3) takes into consideration the liens in determining the dower share in the decedent’s law library and Mercedes-Benz. We affirm all other parts of the judgment and remand the case to the trial court for proceedings consistent with this opinion.
HOBSON, Acting C. J., and GRIMES and RYDER, JJ., concur.

. The decedent’s death and the widow’s election to take dower occurred before the effective date of the new probate code.