PETERSON, Judge.
Sara Jane Paredes, as personal representative of the Estate of Ben F. McLucas, appeals an order determining the formula to be used in calculating the amount of the elective share distributable to a surviving spouse. We affirm.
We recognize that the decision by this court is contrary to at least two publications [1] heretofore relied upon by probate practitioners. The logic and the reliance by members of the legal community upon the manner of computations suggested by Red-fearn and Mr. Platt should certainly be considered, but we cannot arrive at the same conclusion after a review of the judi *440 cial and legislative history and present language of the probate code.
The issue in this case stated by the trial court is “whether in computing the amount of the elective share provided under section 732.206, et seq., Florida Statutes, the Personal Representative must first deduct from the value of the estate (1) the funeral bill and (2) the value of exempt property.”[2] The trial court answered the question by concluding that the elective share shall be calculated by taking 30 percent of all property that is subject to administration, including exempt property, after deducting from the property subject to administration all valid claims, including funeral expenses.
Prior to the establishment of the Florida Probate Code in 1974, former section 731.-34, Florida Statutes (1973), provided for a spouse’s right to elect dower:
Whenever the surviving spouse of any decedent shall not be satisfied with the portion of the estate of the deceased spouse to which the surviving spouse is entitled under the law of descent and distribution or under the will of the deceased spouse, or both, the surviving spouse may elect in the manner provided by law to take dower, which dower shall be one third in fee simple of the real property which was owned by the deceased spouse at the time of death and one third part absolutely of the personal property owned by the deceased spouse at the time of death, and in all cases the dower shall be free from liability for all debts of the decedent and all costs, charges and expenses of administration.
In In re Gilbert’s Estate, 160 Fla. 528, 36 So.2d 213 (1948), the Florida Supreme Court considered the effect of repealed section 733.20, Florida Statutes (1941), on the computation of dower. In a three to two decision, the supreme court determined that the widow’s allowance prescribed by that section should be deducted from the estate before using the remainder of the estate as the basis for computing dower. The court stated that “[i]t was not the intent of the law that [the allowance] be an advancement against her dower, neither was it the intent of the law that this burden be borne entirely by those receiving the remainder of her estate.” 36 So.2d at 216. The Second District also considered the effect of the family allowance subsection of Florida Statute 733.20 upon the computation of dower in In re Estate of Hixon, 354 So.2d 1238 (Fla. 2d DCA 1978). The court, construing Gilbert, found that the family allowance should be subtracted from the estate, and the remainder used as the basis for calculating dower.
A reasonable conclusion to be reached from Gilbert and Hixon is that a statutory allowance carved out of an estate that is distributed to a decedent’s spouse is subtracted from the value of the estate before computing dower. It would also seem reasonable that, by analogy, the conclusion could be carried over to the relationship between the elective share and exempt property under the current statutory sections 732.207 and 732.402. The adoption of such a conclusion would have been supported by the language of repealed section 732.201 that was included in the Florida Probate Code adopted by the legislature in 1974. Repealed section 732.201 read as follows:
If a married person ... dies, the surviving spouse has a right to take a share of one-third (⅛) of the net distributable estate. The net distributable estate shall consist of the assets of the estate after payment of taxes, claims, family allowance, exempt property, and expenses of administration....
That language was short-lived, and in 1975 the legislature replaced it with:
The surviving spouse of a person who dies domiciled in Florida shall have the right to a share of the estate of the deceased spouse as provided in this part, to be designated the elective share.
As one can see, the concept of the net distributable estate disappeared. One might argue that we are now back to the same position as existed before Gilbert and Hixon since the specific statutory calcula *441 tion of the net distributable estate has disappeared. As noted, however, the statutory history reveals that the legislature once directed probate practitioners to deduct exempt property pursuant to the 1974 version of section 732.201 but chose to eliminate that provision in 1975 and substitute sections 732.206 through 732.208:
732.206 Property entering into computation
The elective share shall be computed by taking into account all property of the decedent wherever located that is subject to administration except real property not located in Florida.
732.207 Amount of the elective share
The elective share shall consist of an amount equal to 30% of the fair market value on the date of death of all assets referred to in § 732.206, computed after deducting from the total value of the assets all valid claims against the estate paid or payable from the estate.
732.208 Interests in addition to elective share
The elective share shall be in addition to exempt property and allowances as provided in part IV [Section 732.401, et seq.].
A literal interpretation of these statutes indicates that the legislature did not prescribe the deduction of exempt property from the total value of the assets subject to administration in section 732.207. These substitutions literally direct probate practitioners to compute the elective share by multiplying by 30 percent all property subject to administration, less: (1) real property not located in Florida; (2) all valid claims against the estate paid or payable from the estate; and (3) all mortgages, liens, or security interests on the assets. The only way exempt property might also be deducted is to find that it is not property subject to administration or that it is a claim against the estate, but we have found no support for either proposition.
Perhaps it would be helpful if the word “exempt” is examined to determine from what situations section 732.402 property is exempt. That examination begins and ends in section 732.402(3), which indicates that section 732.402 property is exempt from claims against the estate except perfected security interests. There is nothing in the probate code to lead one to the conclusion that section 732.402 property is exempt from administration.
Furthermore, there are several provisions which indicate that section 732.402 property is subject to administration:
1. Section 732.402(1) indicates that section 732.402 property is a “share of the estate” that is simply designated as “exempt property.”
2. Section 731.201(12) defines “estate” as the property of the decedent that is the subject of administration.
3. Section 733.604, which requires the filing of an inventory, does not provide for the exclusion of exempt property from it.
4. Rule 5.406(c) of the Florida probate rules requires that each item of property determined to be exempt property is to be surrendered to the person entitled to it, thereby implying that the personal representative surrenders it. The personal representative would have no right of possession had it not been subject to administration.
5. Section 732.402(6) indicates that property of the estate becomes exempt only if a petition is filed to establish the exemption; failure to file the petition within prescribed time limits constitutes a waiver or the right to receive exempt property.
Section 731.201(13), Florida Statutes (1987), defines “exempt property” as “the property of a decedent’s estate which is described in s. 732.402.” “Estate” is defined in section 731.201(12) as “property of a decedent that is the subject of administration.” Section 732.402 describes exempt property as specific articles of the decedent’s personal property which, subject to some value limitations, is claimed as exempt by the surviving spouse or, if there is no surviving spouse, by children of the decedent. It also states that exempt property shall be in addition to any property passing to the surviving spouse by elective *442 share, but does not otherwise set forth the relationship of exempt property to the elective share.
The appellant argues that to calculate the elective share in the manner prescribed by the trial court results in an illogical and mathematically impossible formula. Two examples are cited by the appellant to support her assertion. The first example assumes that a probate corpus totals $100,-000, and $10,000 of that is awarded as exempt property. Appellant argues that using the $100,000 corpus as a basis upon which to apply the 30 percent would include property that the spouse had already received.
The other example suggested by the appellant is: Assume an estate with probate assets of $12,000 which includes household furniture and appliances valued at $10,000 and cash in the amount of $2,000. If the surviving spouse is first awarded $10,000 in exempt property, it would then be impossible to award her 30 percent of the original $12,000 since there would be only $2,000 left in the estate to satisfy the elective share of $3,600. The appellee argues this latter example presents no problem since the spouse would simply be entitled to the entire estate. She further argues that, just because the estate does not have sufficient assets with which to pay all the benefits allowable to a spouse, there is no reason to prohibit a spouse from receiving first the exempt property, and then her elective share to the extent of the remaining assets.
The historical reliance by some probate practitioners upon the formulas set forth in Redfearn and Bar related CLE seminars cannot alone be the basis for continuing the practice after an analysis of the statutes. One could agree with the formulas if there were some way of inferring that the assets to be included in exempt property would not be “subject to administration” as that term is used in section 732.206 or if it could be inferred that exempt property is a deduction as a valid claim in section 732.207; we cannot make either of these inferences.
The formula for determining the amount of the elective share is:
ES = .30 [PA - (VC + L) 1
Where:
ES = Elective Share (sections 732.201 - .215).
PA = Probate Assets or estate as defined in section 731.201(12) except real property not located in Florida (section 732.206).
VC = Valid Claims or claims as defined in section 731.201(4) and as set forth in section 732.207(1).
L = Mortgages, liens, or security interests on the assets of the estate as set forth in section 732.207(2).
If a calculation results in an amount of an elective share plus exempt property that exceeds the assets available for distribution to a spouse, the property to be distributed would be limited to that which is available for distribution.
The order determining the amount of the elective share is affirmed.
AFFIRMED.
COWART and HARRIS, JJ., concur.

. The amount of the elective share "is computed on all property and interests in property, real or personal ... except homestead (F.S.A. 732.401), exempt property (F.S.A. 732.402), and family allowance (F.S.A. 732.403). See F.S.A. 732.208.” L. Jeffries, Redfearn Wills and Administration in Florida, 6th ed., § 19-4 Elective Share, 331-332 n. 14.
"The assets in the estate are determined at date of death values and the following subtractions will be made from the total value of the assets in arriving at the net amount upon which the thirty percent ... elective share is computed: (1) All valid claims against the estate or payable from the estate and the value of all mortgages, liens or security interests on the assets included in the elective share computation shall be deducted. (2) If awarded, the value of any family allowance or exempt property awarded to the spouse will also be deducted from the value of estate property before the elective share is computed. (3) The elective share is computed as an amount based upon the fair market values on date of death, therefore, once determined, this amount does not increase or decrease as the estate asset values change during administration.” Platt, "Administration of the Estate,” Basic Probate and Guardianship Practice Seminar, sec. V, Elective Share, p. 3.14.

. The manner in which amounts paid as family allowance would enter into the computation of elective share was not before the trial court and, therefore, cannot be considered in this appeal.