144 So.2d 527 (1962)
Theresa RUBIN, Appellant,
v.
ESTATE of Herman C. RUBIN, Deceased, Diana Rubin, Joan Shapiro and Roslyn Bromberger, Appellees.
No. 62-70.
District Court of Appeal of Florida. Third District.
September 18, 1962.
Rehearing Denied October 4, 1962.
*528 Marvin I. Wiener, Miami, for appellant.
Shorenstein & Lewis, Miami Beach, and Arthur J. Berk, Miami, for appellees.
Before PEARSON, TILLMAN, C.J., HORTON, J., and BARNS, PAUL D., Associate Judge.
PEARSON, TILLMAN, Chief Judge.
Theresa Rubin, the appellant here, is the widow of Herman C. Rubin. She brings this appeal from a final order of the County Judge's Court which found that the widow's dower interest in certain securities owned by her deceased husband was limited to one-third of the value of the securities in the brokerage account less one-third of the decedent's obligation to the broker. The county judge found upon conflicting evidence that decedent maintained a "margin account" with the broker. He then found that under the applicable law the widow had dower in only the net value of the account; that is, the value of the securities less the margin obligation.[1] We reverse and hold that under the statutes of this State as they presently exist the widow is entitled to dower upon the full value of the securities.
The trial judge has fully set forth the factual background:
"The decedent, HERMAN C. RUBIN, died on December 20, 1958 and part of the estate is in the nature of securities held by the stock brokerage firm known as Emanuel, Deetjen & Company of New York City, New York; that as of the date of death the gross value of said securities was $227,972.88 against which the decedent owed $84,140.87.
"That by reason of a settlement agreement executed by all interested parties, which agreement was approved by this Court by Order dated September 2, 1960, all conditions have been fulfilled and all differences have been compromised, with the exception of the Dower interest as it applies to said securities.
"The Petition alleges that the securities were not purchased on a margin account arrangement although admitting the obligation due to the stock brokerage firm on account of the purchase of such securities and, further requests an adjudication determining that the dower rights extend to 1/3rd of *529 the gross value of said securities exclusive of the obligation owed upon them.
"The testimony and other evidence presented herein is uncontroverted and clearly reflects and this Court hereby finds that the decedent, HERMAN C. RUBIN, from the date he opened the stock account, July 19, 1929 up to and including the date of his death, maintained a margin account with Emanuel, Deetjen & Company and the securities credited to his name upon his demise were subject to a margin obligation of $84,140.87."
The widow, as appellant, has argued three points. Points One and Two urge in effect that the county judge misconstrued the evidence when he found that the decedent's account with the broker was a "margin account". We have reviewed the record and we are not convinced that the judge misconstrued the evidence before him. We therefore pass to the third point, which concerns the applicable law.
The controlling question is whether a widow is entitled under the applicable portions of § 731.34, Fla. Stat., F.S.A.[2] to dower only in the net proceeds of a stock margin account.[3]
A stock margin account can be described as "* * * a pledge of * * * stock as security for an engagement to pay the advance made by the broker [for their purchase] together with interest and commissions." Henderson v. Usher, 125 Fla. 709, 170 So. 846, 852. For the purposes of this discussion "net proceeds" is the value of the securities held in the brokerage account after deduction of the amount of the broker's charges against the account. Conversely, full value of the account shall be taken to mean the value of the securities in the account at the date of death of the decedent.
Prior to the 1933 amendment of what is now § 731.34, Fla. Stat., F.S.A., the law of this jurisdiction on dower rights in stock margin accounts was settled by the case of Henderson v. Usher, 125 Fla. 709, 170 So. 846. This case held that under the dower statute extant prior to October 1, 1933, a widow took dower in such rights as her deceased husband had in and to stocks and securities at the time of his death, which rights were the value thereof remaining after all claims of the broker under the margin contract had been fully satisfied. Therefore, the widow would, under the law there established, receive dower in the net proceeds only.
In 1933, however, the legislature enacted Chapter 16103 which changed the requirement that a deceased husband must be "possessed" of personal property for his widow to receive dower by substituting the word "owned" for the word "possessed". "Owned" is a more general term than "possessed" because it is possible for one to own a great deal more property than he has reduced to possession. By this change in the dower statute the legislature removed the reasoned *530 basis of the opinion in the Henderson case.[4] In that opinion the court had said:
"Inasmuch as the husband could not, under the contract, have had full title to or have taken the securities out of the possession of the broker without paying the amount due on them under the contract of purchase, it cannot be said that the decedent was in possession, at the time of his death, of more than his ultimate rights in the brokerage account, which was that which remained after payment in full had been made of all sums due to the broker under the contract. Consequently the widow is entitled to dower only in the rights held by her husband, at the time of his death, in such brokerage account."
It is not unreasonable to presume that the legislature meant to change the law, and thus the result in Henderson v. Usher.
In 1955 the Supreme Court decided the case of In Re Payne's Estate, Fla. 1955, 83 So.2d 109. In that case the court held that a widow was entitled to dower in the entire purchase money indebtedness due her husband from the sale of his interest in a partnership without deduction of "charges or offsets" for sums due to the individual purchasers from the decedent, even though the decedent had agreed that the sums due from him should be secured by a lien against the first indebtedness. Thus the court held that the widow was entitled to dower in the full value of the interest of her husband without regard for an agreed lien or set-off. The reasoned basis of the decision is:
"The decedent in the Henderson case had, it is true, a limited ownership in the stock certificates which were there involved, but possession of these certificates was in the broker, as pledgee, and the result reached in the case was made inevitable from the use of the word `possessed' in the statute and because of the tangible, negotiable character of stock certificates. The same principles cannot be applied to the instant case because of the language of the present exemption statute and the nature of the property here involved."
As pointed out by appellees, the court might have reached the same decision by basing its conclusion only upon the "nature of the property here involved", but it did not. We regard the opinion of the Supreme Court in the Payne case as a clear holding that the legislature did change the law from that established by the court in the Henderson opinion. Therefore, appellee's argument that "owned" and "possessed" are of the same legal effect must fail.
We must next examine the effect of the statutory change upon a widow's right to dower in securities held in a margin account. The answer to this question is found in a determination of whether such stock, or merely the account, is owned by the decedent. If the stock is owned, the widow has a statutory right to dower in all of it. If the account alone is owned, the dower is in the net proceeds.
We turn again to In Re Payne's Estate, Fla. 1955, 83 So.2d 109. The opinion in that case followed the reasoning of Murphy v. Murphy, 125 Fla. 855, 170 So. 856, which held that the consideration from the sale of a yacht after testator's death was an asset in which the widow had a dowable interest; and an indebtedness which represented the amount used as the purchase price of the yacht, secured by a mortgage, should not be deducted before dower was assigned. Therefore, the funds borrowed from a third person and paid to the seller were not a charge against the value of the property when dower was claimed in that property. We think this meant that the yacht was owned by the decedent for the purpose of the dower statute.
*531 We hold that stock purchased through a broker is owned by the purchaser and that the indebtedness to the broker is an indebtedness to a third person and not a limitation on the ownership under § 731.34 Fla. Stat., F.S.A. A widow, therefore, is entitled to dower in the full value of the stock and not the net proceeds of the marginal account.
We must expressly limit this holding by reference to the sentence in § 731.34, Fla. Stat., F.S.A. which provides "* * * that nothing herein contained shall be construed as impairing the validity of the lien of any duly recorded mortgage or the lien of any person in possession of personal property." It must be remembered that dower is a charge against the estate of a deceased husband and not a claim under the estate. Wax v. Wilson, Fla.App. 1958, 101 So.2d 54. There has been no showing here that the payment of dower would leave insufficient assets with which to satisfy the indebtedness due the broker upon the margin account. Accord, United States v. Dahlberg, Fla.App. 1959, 115 So.2d 86.
Reversed.
BARNS, PAUL D., Associate Judge (dissenting).
Theresa Rubin, widow of Herman C. Rubin, deceased, elected to take dower as against the will and upon a hearing for the determination of her dower rights in respect to securities held by a broker on margin account, the county judge made a finding of fact as follows:
"The testimony and other evidence presented herein is uncontroverted and clearly reflects and this Court hereby finds that the decedent, HERMAN C. RUBIN from the date he opened the stock account, July 19, 1929 up to and including the date of his death, maintained a margin account with Emanuel, Deetjen & Company and the securities credited to his name upon his demise were subject to a margin obligation of $84,140.87."
and at the same time adjudged that:
"ORDERED, ADJUDGED AND DECREED that the Dower interest of THERESA RUBIN, widow of the decedent, HERMAN C. RUBIN, as it applies to the securities of the decedent held by Emanuel, Deetjen & Company of New York City, New York, be and the same, is hereby limited to 33 1/3% of the net value of said securities as of the date of death, which net value shall be determined by deducting the decedent's obligations due said stock brokerage firm from the gross value of said securities as of the date of death * * *."
From the foregoing order the widow appealed and contends, here as she did below, that her dower interest is in the gross value of the securities as of the time of her husband's death and not in the net value of the right of redemption of her husband as of the time of his death. The husband owned a right in the securities as pledgor but his ownership was not absolute ownership of the securities because the pledgee also owned an interest in the securities, which pledgee's interest was a special interest. An absolute owner is one who has the entirety of the rights to the use and diposal allowed by law, i.e., complete dominion of title or proprietary right in the thing or claim. In the case at bar, the pledgee, and not the husband, owned the right of dominion over the securities. However the husband did die possessed of absolute ownership of his claim against the broker, subject to the broker's rights.
The relationship between a customer and a broker is sui generis; this relationship at times partakes of principal and agent, debtor and creditor, pledgor and pledgee and trustee or fiduciary. Markum v. Jaudon, (1869) 41 N.Y. 235; Kennedy v. Budd (1896) 5 App.Div. 140, 39 N.Y.S. 81.
The case of Murphy v. Murphy, 125 Fla. 855, 170 So. 856, before the court at the time *532 of the decision in the Henderson case, involved dower in mortgaged property owned by the husband and not dower in a pledgor's right in securities held by the broker in a margin account as in the Henderson case. In Payne's Estate, Fla. 1955, 83 So.2d 109, where dower was in a chose in action, the only matter decided was that the debtor was not entitled to a set-off and that the principles of law of Henderson v. Usher were not applicable; the dictum in the opinion concerning Henderson v. Usher is not controlling here.
It appears that her dower extends not to the securities but to the rights of redemption of the pledged securities from the broker who held them on a margin account and that the case of Henderson v. Usher, 125 Fla. 709, 170 So. 846, controls.
The controlling facts of the Henderson case are on all fours with this case. In that case the court held that the widow of the testator who had died leaving securities bought "on margin" subject to stock broker's claim for advances, interest and commissions with right in stock broker to sell if margin became insufficient, was entitled to dower in the net value of the brokerage account since the husband would not possess the securities until the broker had been paid. The statutes then provided for dower in the personal estate of which her husband "died possessed." Section 55.03(3639) C.G.L. The court held that the widow took dower in her husband's rights as pledgor and not in the personalty pledged.
Section 731.34, Fla. Stat., F.S.A., governs appellant's right to dower and it provides that the widow's dower rights shall extend to the "personal property owned by her husband at the time of his death." As in the Henderson case, the husband, as to the pledged securities at the time of his death, owned the right to redeem, a chattel incorporeal, and not the securities pledged which are chattels corporeal. The widow took dower in what the husband owned, i.e., the right of a pledgor to redeem. As in the Henderson case, the dower was in right possessed by the husband to redeem the stock by paying the advances made by the broker, and in this case the dower is in right owned by the husband to redeem the stock by paying the advances made by the broker. Under the dower statute, § 731.34, Fla. Stat., F.S.A., there appears to be no distinction between owned and possessed as applied to a pledgor's rights in pledged property. If a husband is the owner of a right to redeem, for purposes of dower he is also possessed of the right to redeem. The converse would also be true.
On authority of the Henderson case I would affirm and believe a reversal to be in conflict with Henderson v. Usher, supra.
NOTES
[1] "With regard to the extent of dower as it applies to securities held on a margin stock account, this Court is aware of the various decisions affecting dower as it applies to personal property owned by a decedent on the date of death. The case in point, however, is Henderson v. Usher, [125 Fla. 709] 170 So. 846 (1936) wherein the Supreme Court of Florida determined that `the widow is entitled to dower only in the rights held by her husband at the time of his death, in such brokerage account' (page 853). This Court is of the opinion that that decision still controls, although mindful of the dictum contained in In re Payne's Estate, [Fla.] 83 So.2d 109 (1955)."
[2] Dower in realty and personalty. Whenever the widow of any decedent shall not be satisfied with the portion of the estate of her husband to which she is entitled under the law of descent and distribution or under the will of her husband, or both, she may elect in the manner provided by law to take dower, which dower shall be one-third part in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law, and one-third part absolutely of the personal property owned by her husband at the time of his death, and in all cases the widow's dower shall be free from liability for all debts of the decedent and all costs, charges and expenses of administration; provided, that nothing herein contained shall be construed as impairing the validity of the lien of any duly recorded mortgage or the lien of any person in possession of personal property. * * *"
[3] The nature and history of dower in Florida has been set forth in an article by Judge Frank B. Dowling published in The Florida Bar Journal, June, 1957, Vol. 31, p. 345.
[4] Although the opinion in the Henderson case was written subsequent to the change of the dower statute effective October 1, 1933 the decedent's date of death was June 21, 1933.