PEARSON, TILLMAN, Chief Judge.
Evelyn Smith, who is an heir of Albert Marmer, deceased, appeals a final judgment for dower. The only question involved is whether the County Judge erred in basing the amount of dower on the gross value of stock held in a marginal brokerage account. This account was subj ect to a marginal indebtedness which, if deducted from the value of the stocks, would have reduced the estate subject to dower by approximately $35,000.00.
The existence of the marginal account, its value and the debit balance were not contested and the judgment was entered upon the pleadings presenting these facts. This judgment allotted dower on the basis of the value of the stock without taking into consideration the debit balance.
Appellant strongly urges first that the entire amount of the stock was not “owned” by the decedent within the meaning of § 731.34, Fla.Stat., F.S.A. We reject this contention on the basis of the reasoning of this court in Rubin v. Rubin’s Estate, Fla.App.1962, 144 So.2d 527.
Appellant has also urged that in the case of margin stock agreements a specific lien in the nature of a purchase money mortgage is created upon the stock. It is then argued that a widow should not receive dower in that portion of the value of the personal property which is covered by the lien of the purchase money mortgage. This argument cannot aid the appellant for two reasons. First, it does not appear from the record that the particular agreement with which we are here concerned created a lien in the nature of a purchase money mortgage; and, second, a margin stock transaction does not constitute the stockbroker as the seller of the stock, but as a creditor providing the wherewithal for the purchase. A simple debt for money advanced for the purchase of property is not sufficient to defeat the right of a widow to dower under the broad provisions of the statute existing in Florida.
Affirmed.