## STEELE v. LINK.

No. 64-C-3387.

Circuit Court, Dade County.

November 5, 1964.

Raymond O. Burr, Miami, for plaintiff.

Kurtz & Cooper, Miami, for defendant.

HAROLD B. SPAET, Circuit Judge.

This cause came on to be heard on the plaintiff's motion to dismiss counterclaim. Having heard argument of counsel and having carefully examined the authorities cited by both parties, the court is of the opinion that the counterclaim fails to state a cause of action.

In this suit by a payee of a collateral note against the defendant-executrix of the estate of the maker of the note, in which the plaintiff-payee seeks to foreclose a pledgee's lien on certain stock deposited as collateral for the note, the defendant-executrix filed a counterclaim alleging that she, as the widow of the deceased maker, elected to take dower and therefore has a one-third dower interest in the pledged stock, which is superior to the plaintiff's claim as to that one-third.

The court has read with care Henderson v. Usher, 170 So. 846, In re Payne's Estate, 83 So.2d 109, Rubin v. Rubin's Estate, 144 So.2d 527, and County Judge Frank B. Dowling's excellent treatise entitled "An Analysis of Dower in Florida" in the Florida Bar Journal, June 1957, page 345, and concludes that it was never the intention of the legislature or of the courts to give precedence to the widow's dower right over the right of a third person who in good faith took a pledge of personal property belonging to the decedent.

The legislature's intent, I believe, is shown by the 1963 amendment to section 731.34 Florida Statutes (1963 General Laws, chapter 63-119) reading in part as follows —

> **provided, however, that nothing herein contained shall be construed as exempting any personal property from liability for any debt secured by written assignment, pledge, mortgage or other security instrument mortgaging, assigning, or pledging, or otherwise granting, or imposing a lien upon, such personal property, whether or not possession of such property is delivered to such mortgagee, assignee, pledgee, or other security holder, and that nothing herein contained shall be construed as impairing the validity of any mortgage, pledge, assignment, or other lien so imposed or provided for in such security instrument, nor the rights therein created or provided for, and nothing herein contained shall be construed as impairing the validity of the lien of any duly recorded mortgage or the lien of any person in possession of personal property. . . .

This amendment, however, becoming effective on May 21, 1963 would *not* be governing law in this case since the note, the pledge, and the death and the election of dower all took place prior to the effective date of that amendment.

However, it is significant that in all the cases reviewed the controversy arose between the widow and other legatees and devisees of the deceased and none involved the rights of innocent third persons who had dealt with the deceased in regard to personal property in his lifetime. The court believes that when the legislature in section 731.34, Florida Statutes, speaks of "one-third part absolutely of the personal property owned by her husband at the time of his death" it intends and intended to refer to personal property *beneficially* owned by her husband at the time of his death. To hold otherwise would be asking chancery to perpetuate an *inequity* in a court of equity. Walter Savage Landor said —

> "A theory based on the qualities of an object, will prevent its being unfolded according to its objects; and he who arranges topics in reference to their causes, will cease to value them according to their results. Thus the jurisprudence of every nation will show that, when law becomes a science and a system, it ceases to be justice. The errors into which a blind devotion to principles of classification has led the common law, will be seen by observing how often the legislature has been

obliged to come forward to restore the equity its scheme had lost."

A court of equity should not allow a classification to effect an injustice.

The contention at the conclusion of the counterclaim that the alleged stock powers as set forth in the complaint as exhibit "C" became void on the maker's death is not, in my opinion, effective since the stock powers are in effect a double instrument. The first part is an absolute assignment from the maker to the payee of the stock and is unaffected by the maker's subsequent demise. The second portion wherein the maker constitutes and appoints the payee as attorney to transfer the stock may, as it is claimed, die with the person, but the assignment would remain unaffected.

In passing, the court would note that this suit is one against the defendant *as executrix of the estate*. Even if there were equity in the counterclaim, which the court feels there is not, it is doubtful whether the right claimed lies in this defendant, as *executrix of the estate*.

For the foregoing reasons it is adjudged, ordered and decreed that the plaintiff's motion to dismiss the counterclaim of the defendant be and the same is hereby granted, and the said counterclaim is dismissed.