LILES, Judge.
The County Judge refused to allow the value of Michigan property previously conveyed to be used in the admeasurement of dower to a Florida wife. Appellant here assigns this as error and we are called upon to answer the question which is one of first impression in Florida.
Dower in Florida is entirely a creature of statute. Our problem here is solely one of statutory interpretation, and it involves real property, not movable property. I find nothing in our statutes that empowers a Florida probate court to award a widow, who is not satisfied with her legacy or intestate share, not only one-third of the probate assets but also an additional amount of Florida probate assets equal to one-third the value of non-Florida real property validly conveyed by the husband during his lifetime but without her joinder or relinquishment.
The dower statute, § 731.34, provides that dower in real property shall be one-third in fee simple of the property
“ * * * owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law.”
Her dower right is in property, if she has no dower right in particular property, enforceable against that property, then its value should not form the basis for a dower award in other property.
Whether a widow has a dower right or statutory forced share interest in real property is determined by the law that would be applied by the courts of the situs (although the determining law may be otherwise as to movable property). See Restatement (Second), Conflict of Laws § 242 (Proposed Official Draft, 1969); Boyer and Miller, Furthering Title Marketability by Substantive Reforms With Regard to Marital Rights, 18 U.Miami L.Rev. 561, 569 (1964); Dowling, Dower in Florida, 31 Fla.B.J. 345 (1957). Both appellant and appellee appear to concede, and we have assumed, that the courts of the state where the real property in question is located would determine that appellant has no dower right in the property and would not apply Florida law in the determination of appellant’s rights. If she has no dower right in the property, then it is difficult to see where the Florida legislature has empowered a Florida probate court to divert Florida probate assets from the heirs or legatees who would otherwise receive them and to award those assets to the widow as dower in the out-of-state property.
Illogical and inequitable results could flow from a rule that allowed Florida probate assets to be used as a substitute for dower in non-Florida real property validly conveyed by the husband during his lifetime in full compliance with the law and custom of the state in which the property was located, and in which the widow had no inchoate dower. If the widow were entitled to receive, as dower, Florida probate assets equal in value to one-third of the non-Florida real property so conveyed by her husband during his lifetime but without her joinder, in addition to one-third of the Florida probate assets themselves, she could foreseeably take the decedent’s entire estate to the exclusion of all other heirs or legatees and to the exclusion of all persons having just and properly established creditors’ claims against the husband and his estate. If the legislature meant to allow such a result, it should have spoken more clearly.
*842 The courts of a decedent’s domicile generally have not taken into consideration the value of real property located elsewhere when determining the amount of the local forced share to which the widow is entitled (although, as indicated above, the matter of movables is different). See Scoles, Conflict of Laws and Nonbarrable Interests in Administration of Decedent’s Estates, 8 U.Fla.L.Rev. 151, 168 (1955).
Moreover, our dower statutes distinguish between real property owned by a husband at the time of his death and real property previously conveyed by him. §§ 733.09, 733.10, and 733.11(1) deal with action or inaction by the deceased husband’s personal representative with respect to assignment of dower; these provisions refer only to probate assets, as the personal representative has no jurisdiction over property no longer owned by the decedent. § 733.11(2) is the only statute expressly dealing with assignment of dower in non-probate assets, viz., lands conveyed by the husband during coverture without dower relinquishment by the wife; and it speaks of a proceeding in the county judge’s court of any county or counties in the state where any such lands lie. The legislature has not authorized the county judge’s court in the domiciliary county to assign dower in lands located elsewhere and not owned by the decedent at the time of his death. To assert such rights against the husband’s transferee, the widow must go where the land is. § 733.12(2) authorizes the county judge in whose court the administration of the decedent’s estate is pending to assign dower in real or personal property located anywhere in the state, but it deals with probate assets and is not an alternative to the procedure set forth in § 733.11(2) for assignment of dower in lands conveyed by the husband before his death. Thus, it appears that the Florida probate court in the domiciliary county has no statutory authority to award probate assets in satisfaction of dower in non-probate lands lying in another county, even when the non-probate lands are located in Florida, and, a fortiori, when located outside Florida.
Appellant emphasizes that her husband’s conveyance reflected a gift to his children and that he reserved a life estate. But appellant does not suggest that her claimed right would be different if the conveyance had reflected a sale to a stranger for full cash value and if the sale proceeds had become part of the Florida probate assets against which her dower would operate. This case has not been presented to us on the equities, or on the concept of “fraud on the widow’s share,” but simply as one calling for the mechanical application of the dower statute.
For the foregoing reasons, the order of the trial judge is hereby affirmed.
HOBSON, C. J., concurs.
PIERCE, J., dissents with opinion.