MANN, Chief Judge.
Sonvi C. Johnson caused 330 shares of Boston Edison Company to be registered in the names of “Sonvi C. Johnson and Muriel J. Hogan as joint tenants with right of survivorship and not as tenants in common.” She retained possession of the certificates and received the dividends, although Murial Hogan knew of the certificates and the manner in which they were registered. The trial court found that Miss Johnson intended, and Mrs. Hogan understood, that Mrs. Hogan was not to receive the stock nor any dividends until Miss Johnson died. Miss Johnson’s will contained the following provisions :
“SECOND: With respect to any property which I may own jointly with one or more persons, either as joint tenants with rights of survivorship or otherwise, I do hereby confirm the same and direct that such property shall pass to the surviving joint tenant or tenants, as the case may be.
FOURTH: I make no provision under this my Will for Mrs. Muriel Hogan of *217 17 School Street, Dorchester, Massachusetts, because I have already provided for her by putting in our joint names Three Hundred Thirty (330) shares of Boston Edison Company stock, and I hereby direct that my personal representatives deliver the certificates for said stock to said Mrs. Muriel Hogan. She, however, is to assume and pay her proportionate share of any taxes which may accrue as a result of this gift.”
The trial court found that in spite of Miss Johnson’s intention, the failure to relinquish dominion over the certificates precluded the transaction from taking effect as an inter vivos transaction and that it lacked the formal requirements of a testamentary disposition. Kuebler v. Kuebler, 131 So.2d 211 (Fla.App.1961). The court went on to hold that the fourth item of the will contained no words evidencing a testamentary donative intent.
 We disagree. The language “I make no provision under this my will for Mrs. Muriel Hogan” presupposes the efficacy of the inter vivos transaction. However, the reference in the will to the earlier transaction describes with specificity an existing document and incorporates it by reference. The clear intention of the testatrix, acknowledged by all parties here, must be respected. The case is remarkably similar to Evans v. Boney (1942) 141 Neb. 413, 3 N.W.2d 752, 144 A.L.R. 704, which was not brought to the trial court’s attention. In that case an undelivered deed specifically referred to in the will was given effect as a testamentary disposition. Our Supreme Court has acknowledged the doctrine of incorporation by reference in Forsythe v. Spielberger, Fla.1956, 86 So.2d 427. An imperfect incorporation is exemplified by In Re Gregory’s Estate, 70 So.2d 903 (Fla.1954). See also 1 Redfearn, Wills & Administration in Florida, § 6.07 (4th ed. 1971).
Apart from the question of incorporation by reference, the correct construction of the fourth paragraph of the will requires that the testatrix’ intent be respected. It is true that she began that paragraph by saying, “I make no provision under this my will for Mrs. Muriel Hogan,” but it is equally true that in the same sentence she said, “I hereby direct that my personal representatives deliver the certificates for said stock to said Mrs. Muriel Hogan.” The trial court erred in terminating the process of interpretation in mid-sentence.
Reversed and remanded.-
HOBSON and McNULTY, JJ., concur.