HAVERFIELD, Judge.
Appellant-executors seek review of a judgment awarding the appellee-widow a i/3 interest in certain personal and real property.
In February 1971, James Morton died testate and was survived by a widow and three children of a previous marriage. His will was admitted to probate and his widow timely filed an election to take dower. Prior to his marriage to the appellee, the deceased had assigned to the Chase Manhattan Bank as collateral for a loan his income from his interest in the Morton Towers, an apartment complex located on Miami Beach, Florida. During administration of the estate, the income therefrom was used to pay the Chase Manhattan loan. In assigning the widow’s dower right, the probate judge awarded her among other things a j/j interest of the income derived from the decedent’s interest in the Morton Towers since the time of his death; a 1/3 interest in (1) a working interest in oil ventures located in Mississippi, (2) working interest in oil ventures in Louisiana, and (3) a 14> interest in a residence located in Lake Success, New York. Richard Morton and Alan Morton as co-executors of the estate appeal therefrom.
As to the award of the 1A, dower interest in the income derived from the deceased’s interest in the Morton Towers, we are being asked to decide whether a widow’s dower right is superior to a third party who in good faith takes a pledge of personal property from a decedent during his lifetime. Our response is in the negative.
Fla.Stat. § 731.34, F.S.A., as amended by Ch. 73-106, Laws of Florida, is in part as follows:
“731.34 Dower in realty and personalty
“Whenever the surviving spouse of any decedent shall not be satisfied with the portion of the estate of the deceased spouse to which the surviving spouse is entitled under the law of descent and distribution or under the will of the deceased spouse, or both, the surviving spouse may elect in the manner provided by law to take dower, which dower shall be one third in fee simple of the real property which was owned by the deceased spouse at the time of death and one third part absolutely of the personal property owned by the deceased spouse at the time of death, and in all cases the dower shall be free from liability for all *81 debts of the decedent and all costs, charges and expenses of administration; provided, however, that nothing herein contained shall he construed as exempting any personal property from liability for any debt secured by written assignment, pledge, mortgage or other security instrument mortgaging, assigning, or pledging, or otherwise granting, or imposing a lien upon, such personal property, whether or not possession of such property is delivered to such mortgagee, assignee, pledgee, or other security holder, and that nothing herein contained shall be construed as impairing the validity of any mortgage, pledge, assignment, or other lien so imposed or provided for in such security instrument, nor the rights therein created or provided for, and nothing herein contained shall be construed as impairing the validity of the lien of any duly recorded mortgage or the lien of any person in possession of personal property.” [Emphasis Supplied]
After a reading of the above statute it is clear that a widow’s dower right attaches to all personalty which is beneficially owned by the decedent at the time of his death and, therefore, the dower right attaches only to the equity which the deceased at the time of his death held in the personalty which he pledged, assigned, mortgaged, etc. during his lifetime. See dissenting opinion of Judge Barns in Rubin v. Rubin’s Estate, Fla.App.1962, 144 So.2d 527; Steele v. Link, Cir.Ct.1964, 24 Fla.Supp. 42. We are not unmindful of the majority opinion in Rubin, supra that a widow is entitled to dower based • on the full value of stock in, rather than the net proceeds of, a margin account. However, Fla.Stat. § 731.34, F.S.A., which the court had to consider therein read in part as follows:
“731.34 Dower in realty and personalty
“Whenever the widow of any decedent shall not be satisfied with the portion of the estate of her husband to which she is entitled under the law of descent and distribution or under the will of her husband, or both, she may elect in the manner provided by law to take dower, which dower shall be one-third in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law, and one-third part absolutely of the personal property owned by her husband at the time of his death, and in all cases the widow’s dower shall be free from liability for all debts of the decedent and all costs, charges and expenses of administration; provided, . . . [that] nothing herein contained shall be construed as impairing the validity of the lien of any duly recorded mortgage or the lien of any person in possession of personal property.” [Emphasis Supplied]
Thus, that case is distinguishable from the instant case and no longer controlling. Accordingly, we reverse the award to ap-pellee-widow of a I/3 interest of the earnings or income realized after the date of death on property owned at the time of death by the decedent, even if such income and profit had been pledged or otherwise used as a collateral to pay a debt due from the decedent to a third party.
Appellants also contend that the probate court erred in awarding dower in real property owned by the decedent at the time of his death located in Louisiana, Mississippi and New York.
There is no question that the residence located in New York is real property and appellee so concedes. In addition, working interests in oil leases in both Louisiana[1] and Mississippi [2] are considered real property. Thus, it was error for the probate judge to have awarded the appellee a dower interest therein as the question of whether a widow has a dower right or *82 statutory forced share interest m real property is determined by the law which would be applied by the courts of the situs. In Re Estate of Johnson, Fla.App.1970, 240 So.2d 840.
For the reasons cited hereinabove, the judgment of the probate division of the circuit court is affirmed in part, reversed in part and remanded for further proceedings not inconsistent herewith.
Affirmed in part, reversed in part and remanded.

. Louisiana Revised Statutes § 9 :1105, L.S.A.

. Dougherty v. Greene, 218 Miss. 250, 67 So.2d 297 (1953).