LETTS, Judge.
The creditors of an estate appeal certain lower court rulings regarding the assignment of dower. The questions here involved are: (1) Is the dower interest in mortgaged real property chargeable with one-third of the real estate taxes and one-third of the mortgage interest accruing between the date of death and the date of assignment of dower; (2) Does the widow have a dower interest in stock dividends pledged by decedent as collateral for certain loans; and (3) Did the trial court err in assigning dower from selected estate assets rather than apportioning it strictly in relation to one-third of all of the real and personal property.
We answer the first question in the affirmative and reverse. We affirm the trial court as to the second question and also answer in the affirmative. As to the third question we again answer in the affirmative and reverse.
The husband died in the latter part of 1975, before the effective date of Section 732.201 et seq., Florida Statutes (1975). Accordingly the widow’s share is governed by Section 731.34 et seq., Florida Statutes (1973).[1] Thus we are here concerned with *596 the former “dower” provisions of the old statute rather than the present “elective share” provisions of the new. Notwithstanding the date of death in 1975, the widow did not elect to take dower until early 1976 although she timely did so within the provision of Section 731.35, Florida Statute (1973). The new Florida Probate Code took effect on January 1, 1976. (See Section 731.011, Fla.Stat. (1975)).
1. As to Taxes and Interest
Our independent research has uncovered two Florida cases which hold squarely that real estate allocated to dower must bear its pro rata share of taxes. See In re Ratliff's Estate, 137 Fla. 229, 188 So. 128, 133 (1939) and In re Estate of Hixon, 354 So.2d 1238, 1240 (Fla. 2d DCA 1978). Apart from the controlling precedent of the cited Supreme Court decision, such a result is in any case only equitable and sensible. The dower vests as of the “time of death.” It is obviously necessary to continue to pay the taxes to prevent loss of the entire property and we see no reason why the widow should not be required to pay a one-third share of these.
As to the mortgage interest, we are surprised at being less successful in uncovering Florida law on this aspect although, by way of dicta, we note that it would appear proper to apply the same rationale as we did in the preceding paragraph. Moreover since the outstanding principal balances on the mortgages are superior to the widow’s claim by reason of Section 731.34, Florida Statutes (1973), so logically should be the interest. However we do not need to employ any such reasoning. The two mortgages and promissory notes covering the land here in question were both executed by this very same widow and while it is true that examination of the mortgages reveals no language releasing dower, she can hardly escape her fair share of interest on instruments under which she is personally liable.[2] We therefore hold the widow responsible for a one-third share of the interest accruing from date of death until the dower distribution date (and of course one-third thereafter if the mortgages continue on any land so distributed.)
2. As to stock dividends. The answer to this question appears obvious and we agree with the trial court. Section 733.-12(2) of the Florida Statutes (1973) quite clearly provides:
“On any petition for assignment of dower, the right of dower as well as the admeasurement thereof, shall be determined, and mesne profits from the date of the death of the decedent shall be included in the judgment.” (emphasis supplied)
The words “mesne profits” are more normally associated with ejectment actions. Nonetheless without tedious recourse to encyclopedic citations, we cannot but conclude that “mesne profits” would include stock dividends. Continuing with the same rationale which we employed in answering the previous question, it would appear only equitable that if the dower interest is subject to one-third of the there discussed liabilities, it should succeed to a similar share of the income. The creditors urge upon us that this stock was put up as collateral for a loan and cite the case of Morton v. Morton, 297 So.2d 79 (Fla. 3d DCA 1974). We are not quite sure that we completely agree with the reasoning in Morton, but the facts appear to distinguish it. In Morton the recitation of facts states that the actual income had been pledged as collateral for the loan and therefore had to be excluded from the dower computation, pursuant to *597 Section 731.34, Florida Statutes (1973).[3] In the case at bar however, the security for the payment of the note was 14,800 shares of stock. To be sure the terms of the note permitted the bank “. . .at its option . to receive the income thereon” but in fact the estate received the income, not the bank. Had the bank exercised the option we might have had a more difficult problem but it did not, so we need not cross that bridge here.
3. As to the Court Selecting Assets
Section 731.011, Florida Statutes (1975), effective January 1, 1976, provides:
Determination of Substantive Rights; Procedures. — The Florida Probate Code shall become effective on January 1,1976. The substantive rights of all persons that have vested prior to January 1,1976, shall be determined as provided in former chapters 731-737 and chapters 744-746 as they exist prior to January 1, 1976. The procedures for the enforcement of substantive rights that have vested before January 1, 1976, shall be as provided in this code.
Pursuant to this cited section, the lower court concluded that the selection of assets was merely procedural in nature rather than substantive and therefore that the new Florida Probate Code, and accordingly Section 732.214 of the Florida Statutes (1975), was applicable.
Section 732.214 provides in part:
“On petition of the personal representative or the surviving spouse and after notice and hearing, the court shall determine the amount of the elective share and order its payment in cash or in kind within a time certain from the assets of the estate subject to the elective share.” (emphasis supplied)
We certainly agree that the new statute would appear to mandate that the court determine what is to be distributed, although we are confident such delegation would not permit arbitrary abuse of the power. However we do not agree that the selection of assets is purely procedural— quite to the contrary. In this very estate the court chose as part of the distribution, $60,000. worth of loans and notes. Is it only a matter of procedure as to whether one receives cash or notes? We think not.
Under the old dower statute the method of admeasurement and allotment of dower was rigidly adhered to under the Florida cases.[4] Thus in In re Ginsberg’s Estate, 50 So.2d 539 (Fla.1951) the court reversed a dower award in personal property only, because the estate included realty and personality. The court in Ginsberg stated:
The above statutes recognizes as a widow’s dower a one-third interest in the real property in fee simple and a one-third interest in the personal property owned by the husband at the time of his death. The method of admeasurement or allotment of dower, as reflected by the record, failed to assign to the widow a “one-third part in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law.” Likewise, she received a greater interest in the husband’s personal property than authorized by Section 731.34, F.S.A. It is a fundamental rule in statutory construction that the intention of the Legislature in the enactment of a statute should be ascertained and effectuated. The legislative intent is the essence and vital force of a statutory enactment. Getzen v. Sumter County, 89 Fla. 45, 103 So. 104. (emphasis supplied)
It is therefore our conclusion that the selection of assets under the old dower statute affects substantive rights which precludes the court from distributing the assets under the new Florida Probate Code Section 731.011.
*598 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
BERANEK, J., and RIVKIND, LEONARD, Associate Judge, concur.

. Dower in realty and personalty. — Whenever the surviving spouse of any decedent shall not be satisfied with the portion of the estate of the deceased spouse to which the surviving spouse is entitled under the law of descent and distribution or under the will of the deceased spouse, or both, the surviving spouse may elect in the manner provided by law to take dower, which dower shall be one third in fee simple of the real property which was owned by the deceased spouse at the time of death and one third part absolutely of the personal property owned by the deceased spouse at the time of death, and in all cases the dower shall be free from liability for all debts of the decedent and all costs, charges and expenses of administration; provided, however, that nothing herein contained shall be construed as exempting any personal property from liability for any debt secured by written assignment, pledge, mortgage or other security instrument mortgaging, assigning, or pledging, or otherwise granting, or imposing a lien upon, such personal property, whether or not possession of such property is delivered to such mortgagee, assignee, pledgee, or other security holder, and that nothing herein contained shall be construed as impairing the validity of any mortgage, pledge, assignment, or other lien so imposed or provided for in such security instrument, nor the rights therein created or provided for, and nothing herein contained shall be construed as impairing the validity of the lien of any duly recorded mortgage or the lien of any person in possession of personal property. The homestead shall not be included in the property subject to dower but shall descend as otherwise provided by law for the descent of home *596 steads. In any case where the dower interest of the surviving spouse shall have the effect of increasing the estate tax, dower shall be rat-ably liable with the remainder of the estate for the estate taxes due by the estate of the deceased spouse. Whenever the decedent has died intestate leaving no lineal descendants and the surviving spouse has duly elected dower, all property of the decedent not included in the dower shall descend to the surviving spouse subject to the debts of the decedent, except that the homestead of the decedent shall descend with the exemptions provided by the constitution.

. See McMahon v. Russell, 17 Fla. 698 (1880)

. See footnote 1.

. See Moore v. Price, 98 Fla. 276, 123 So. 768 (1929); Waldin v. Waldin, 98 Fla. 344, 123 So. 777 (1929); Coleman v. Davis, 120 So.2d 56 (Fla. 1st DCA 1960); Swigert, Some Problems of Dower in Florida, 17 U.Fla. L.Rev. 368, 374 (1964).