HERSEY, Chief Judge.
A residuary devisee under the will of Daniel A. Udell appeals an order implicitly construing one of the provisions in the will.
The decedent, Udell, married appellee, Sylvia Rose, his third wife, in 1963. Subsequently, these parties entered into a contract entitled “NUPTIAL AGREEMENT” which contained the following provision:
DAN will immediately duly execute a will naming SYLVIA as co-executor and co-trustee and providing for her dower rights in full amounting to at least one-third (Vs) of all of his estate, free and clear of debts, or the sum of $100,000.00, free and clear of debts, whichever is the greater, and DAN will not during his lifetime revoke the will or change the will by lessening the amount of the bequest to SYLVIA.
Thereafter, Udell executed a will which referred to the contract and provided:
Under date of June 28, 1968, my wife SYLVIA and I signed an instrument, bearing said date, and entitled “NUPTIAL AGREEMENT”. I hereby confirm and ratify such agreement. Pursuant to its terms, and specifically in compliance with Paragraph 5 thereby, I give, be *459 queath and devise to my wife SYLVIA, if she survive me, full dower rights in and to all of my estate, free and clear of debts, or the sum of $100,000, free and clear of debts, whichever is the greater. The expression “free and clear from debts” includes but is not limited to free and clear from claims of creditors, debts recognized by the personal representatives of the estate whether claims are filed or not, attorneys’, accountants’, and personal representatives’ fees in connection with the administration of the estate or otherwise, estate taxes, income taxes, taxes of all kinds, administrative expenses, and disbursements in connection therewith of all kinds.
In the due course of the administration of Udell’s estate the personal representative filed in the probate proceedings a proposed plan for distribution of estate assets. It provided that Sylvia take thirty-three and one-third percent of the decedent’s gross administrable estate, including income on her share from the date of decedent’s death.
Mary Bachrach, a residuary devisee, filed an objection to the plan of distribution. She contended, first, that the widow’s failure to timely file an election to take dower forfeited the right to a one-third share and that the widow should therefore receive only the alternative pecuniary devise of $100,000. Her second contention was that even if the larger share had not been forfeited, the computation should not have included the value of foreign real estate. Finally, she contends it was error to include in the widow’s share income from the date of death.
The probate court, in the order appealed, ruled in favor of the widow and against the residuary beneficiary on each of these issues. The order is silent as to the basis for the court’s ruling.
The question is whether the will and the agreement merely reiterated the widow’s statutory right to take dower or whether something more was intended. If the widow has only her dower rights under these instruments, then her failure to timely file an election forfeited those rights and she is entitled only to the alternative pecuniary devise. § 731.35, Fla.Stat. (1971); In re Estate of Rogers, 171 So.2d 428 (Fla. 2d DCA 1965), appeal after remand, 199 So.2d 741 (Fla. 4th DCA 1967). On the other hand, if the language in the will and agreement are construed as giving the widow a pecuniary devise commensurate in amount and computed in the same manner as dower, but without the necessity of taking against the will (since the will rather than the dower statute, section 731.34, Florida Statutes (1971), creates the widow’s right in that event), then the failure to elect is immaterial. Further, the widow would be entitled to income from the date of death, section 733.12(2), Florida Statutes (1971), and whether the value of the foreign real estate would be included in the computation of the widow’s share would depend upon the law of the situs of that real estate. Morton v. Morton, 297 So.2d 79 (Fla. 3d DCA), cert. denied, 304 So.2d 131 (Fla.1974).
The plan of distribution approved by the order on appeal included the value of the foreign real estate and gave the widow income on her share from the date of death. The order implicitly held that no election to take dower was required. Whether this issue was correctly decided by the trial court depends upon the intention of the decedent as that intention is expressed in his will. As has so often been reiterated: “The intention of the testator is the polestar in the construction of his will.” In re Estate of Johnson, 347 So.2d 785, 787 (Fla. 1st DCA 1977), cert. discharged, 359 So.2d 425 (Fla.1978).
Udell’s will incorporated by reference the “Nuptial Agreement.” See Hogan v. Van Dyke, 286 So.2d 216 (Fla. 2d DCA 1973). That agreement defines the “dower rights” that the testator devised to his widow as “amounting to at least one-third (Vs) of all of [the testator’s] estate....” This is a general devise, the amount of which is measured by the gross administrable estate (since it was to be free of all debts, costs and expenses). Conse *460 quently, the widow was not required to file an election to take dower since she takes under the will, not against it. In addition, the value of the foreign real estate, being part of the administrable estate (albeit by ancillary proceedings) is properly includa-ble in computing the widow’s share. We therefore affirm the trial court’s order in each of these respects.
The remaining issue is whether the devise carries with it income from the date of death. We think not, and reverse the trial court’s determination to the contrary.
In Park Lake Presbyterian Church v. Estate of Henry, 106 So.2d 215, 217 (Fla. 2d DCA 1958), the court said:
[A] specific legacy is a gift of a particular thing or of a specified part of the testator’s estate so described as to be capable of distinguishment from all others of the same kind.

A general legacy is one which may be satisfied out of the general assets of the testator’s estate instead of from any specific fund, thing, or things. It does not consist of a gift of a particular thing or fund or part of the estate distinguished and set apart from others of its kind and subject to precise identification. A general legacy has a prerequisite of designation by quantity or amount. The gift may be either of money or other personal property.
Similarly, the court in In re Estate of Parker, 110 So.2d 498, 500 (Fla. 1st DCA), cert. denied, 114 So.2d 3 (Fla.1959), said:
A specific legacy is a gift by will of property which is particularly designated and which is to be satisfied only by the receipt of the particular property described. Income received during administration on property specifically devised shall become property of the specific dev-isee. A general legacy or devise is one which does not direct the delivery of any particular property; is not limited to any particular asset; and may be satisfied out of the general assets belonging to the estate of testator and not otherwise disposed of in the will. Income received on property which is the subject of a general bequest passes to the residue of the estate.
(Footnotes omitted.) See also King v. Citizens and Southern National Bank of Atlanta, Ga., 103 So.2d 689, 690 (Fla. 3d DCA 1958) (court held bequest of “fifty percen-tum (50%) of the assets of my estate .... ” to be a general bequest and widow was not entitled to share in the income on said assets), affirmed in part, 119 So.2d 67 (Fla. 3d DCA 1960); § 731.22, Fla.Stat. (1971) (“The net income, interest or increase arising from property specifically devised or bequeathed shall belong to the specific legatees and devisees entitled thereto from the date of the death of the testator. From and after the time fixed by the county judge in an order of distribution, general legacies shall bear legal interest until paid.”)
In this case, the devise to Sylvia of her full dower rights in the amount of at least one-third of all of the testator’s estate was a general bequest and therefore Sylvia was not entitled to income thereon.
We therefore affirm in part, reverse in part and remand for recomputation of the devise to the widow.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DOWNEY and GLICKSTEIN, JJ., concur.