FRANK, Judge.
The personal representative and residuary beneficiaries of the estate of Patricia Stuart Gilbert have appealed from a judgment entered on a petition for the construction of a will. The trial court held that certain charitable beneficiaries were entitled to share in the income earned during administration of the estate, in accordance with section 738.05(2)(b), Florida Statutes (1989). We reverse.
The question presented here is whether or not the charities described in Ms. Gilbert’s will are “devisees of pecuniary be *972 quests not in trust,” as that term is used in section 738.05(2)(b). This must be determined because, under the statutory scheme describing the rights to income during the administration of an estate, all devisees share to some degree in the income, except for “devisees of pecuniary bequests not in trust.” The applicable statutes follow:
(2) Unless the will otherwise provides, income from the assets of a decedent’s estate after the death of the testator and before distribution, including income from property used to discharge liabilities, shall be determined in accordance with the rules applicable to a trustee under this chapter and distributed as follows:
(a) To specific devisees, the income from the property bequeathed or devised to them respectively, including an appropriate portion of interest accrued since the death of the testator, ...
(b) To all other devisees, except devi-sees of pecuniary bequests not in trust, the balance of the income, including interest accrued since the death of the testator
[[Image here]]
§ 738.05(2), Fla.Stat. Each group of devi-sees also bears proportionate responsibility for certain taxes and costs.
The article of the will that is the subject of the conflict before us provides as follows:
ARTICLE III
I direct that one-third (Vs) of my estate (my gross estate less the value of the items specified in Article II and less debts, claims and expenses of administering my estate) be liquidated and reduced to cash, and I bequeath the proceeds as follows:
A. One-half (V2) thereof in equal shares to:
[A list of three charities follows.]
B. One-half (V2) thereof in equal shares to:
[A list of eighteen charities follows.
A nineteenth was added by codicil.]
The will makes no specific provision for the allocation of income earned during estate administration.
The residuary beneficiaries who have appealed the trial court’s judgment argued to that court and on appeal that the devise to the charities, because it consisted of a portion of the estate to be liquidated and reduced to cash, was necessarily “pecuniary.” The foundation of their reasoning essentially was that “cash” is “money,” and that the common meaning of “pecuniary” is “of or relating to money.” The trial court, however, rejected that argument and ruled that the charitable beneficiaries were entitled to share in the interest income earned during administration of the estate.
The parties have not referred us to any authority interpreting that portion of the statute, and our independent research has uncovered very little shedding light on the precise meaning intended by the term “dev-isees of pecuniary bequests not in trust.” Our approach, therefore, has been to attempt to square the statutory term with the traditional approach to will construction found in the cases and treatises. We have concluded that “pecuniary bequests not in trust” are essentially general devises of money.
As stated in Park Lake Presbyterian Church v. Henry’s Estate, 106 So.2d 215 (Fla. 2d DCA 1958), devises and legacies may be grouped into four principal classifications: specific, general, demonstrative, and residuary. In this case we are not concerned with the demonstrative type of legacy. A specific legacy or devise “is a gift of a particular thing or of a specified part of the testator’s estate so described as to be capable of distinguishment from all others of the same kind.” Park Lake, 106 So.2d at 217. In Article II of her will, Ms. Gilbert bequeathed to her sister all of her jewelry, clothing, and feminine personalty. That bequest was a specific bequest of identifiable property. The bequest in Article III to the charities with which we are concerned in this case is a general bequest, as defined in Park Lake:
*973 A general legacy is one which may be satisfied out of the general assets of the testator’s estate instead of from any specific fund, thing, or things. It does not consist of a particular thing or fund or part of the estate distinguished and set apart from others of its kind and subject to precise identification. A general legacy has a prerequisite of designation by quantity or amount. The gift may be either of money or other personal property-
106 So.2d at 217. A residuary legacy “is a general legacy wherein all the assets of the estate after all other legacies have been satisfied and all charges, debts, and costs have been paid.” Id., 106 So.2d at 217. In Article V of her will, Ms. Gilbert devised the residue of her estate in equal portions to two trusts. Thus, the Article V gifts are residuary bequests.
Ms. Gilbert directed that one-third of her gross estate be liquidated and reduced to cash, which she bequeathed to the various charities involved in this appeal. As stated by Redfearn in his treatise on Wills and Administration in Florida § 12-7 (6th ed.), “A gift of money is a general legacy, unless the will discloses that the intention of the testator is to give a particular, designated fund rather than a sum of like amount.” Although the charitable beneficiaries contend that the gift of one-third of the estate to them was in the nature of a residuary devise, this is not the case. “It is customary for the testator to make provision for the ‘rest’ or ‘residue’ of his estate in the form of a residuary bequest or devise.” Redfearn, § 12-7. Ms. Gilbert did so in Article V of her will; Article III can be nothing other than a pre-residuary devise.
The significance of the type of legacy or devise in this case is that, in the absence of statute or the intention of the testator expressed in the will, specific legacies and residuary legacies traditionally carry with them income during the administration of the estate; general legacies do not:
A specific legacy is a gift by will of property which is particularly designated and which is to be satisfied only by the receipt of the particular property described. Income received during administration on property specifically devised shall become property of the specific dev-isee. A general legacy or devise is one which does not direct the delivery of any particular property; is not limited to any particular asset; and may be satisfied out of the general assets belonging to the estate of the testator and not otherwise disposed of by will. Income received on property which is the subject of a general bequest passes to the residue of the estate.
In re Estate of Udell, 482 So.2d 458, 460 (Fla. 4th DCA), rev. denied, 492 So.2d 1335 (Fla.1986) (quoting In re Estate of Parker, 110 So.2d 498, 500 (Fla. 1st DCA), cert. denied, 114 So.2d 3 (Fla.1959) (emphasis supplied).
Significantly, in Udell, the court construed as a general legacy a devise to the testator’s widow of a sum “amounting to at least one-third (Vs) of all [the testator’s] estate_” 482 So.2d at 459. See also In re Estate of Lenahan, 511 So.2d 365 (Fla. 1st DCA 1987); King v. Citizens & Southern National Bank of Atlanta, Ga., 103 So.2d 689 (Fla. 3d DCA 1958).
Having determined that the gift to the charities was in the nature of a general devise, our next task is to apply that determination to the statutory framework in section 738.05. In subsection (a) the statute deals with specific devises, and declares that the income and interest earned from the specific property devised during the administration of the estate is to be distributed to the specific devisee. This accords with traditional rules of will construction. Subsection (b) is the more troublesome portion of the statute, awarding to “all other devisees except devisees of pecuniary bequests not in trust the balance of the income.” If the above quoted language were construed to include all general devises, this construction, as we have shown, would fly in the face of traditional principles of will administration. However, if it is determined that the language “devisees of pecuniary bequests not in trust” refers to most general devisees of bequests of cash or money, then the statute would square with *974 the cases and treatises we have examined. The phrase, “all other devisees” in section (b) then would logically refer to general devisees of such items as land or intangibles, and to residuary devisees, to whom the income during estate administration normally accrues, and to devisees of pecuniary bequests in trust, a type of devise with which we are not concerned in this proceeding since there is no dispute that the gift to the charities was not in trust.
Aside from the specific/general devise distinction we have discussed above, we are convinced that the charitable beneficiaries in this instance were not intended to share in the income during the administration of the estate because the gift to them — a gift of nothing other than money — fits squarely within the plain meaning of “pecuniary bequest not in trust.” The only way in which it could be said that the bequest to the charities was not a “pecuniary bequest” would be to give that term a more limited meaning, as urged by the charitable beneficiaries, and to define “pecuniary bequest” as a bequest of a specific sum certain, or some dollar amount, rather than as a bequest of some fraction of the net estate, the exact amount of which must necessarily be determined at the time when the assets are subject to distribution. We have uncovered no authority convincing us to so limit the term “pecuniary bequest.” To the contrary, a New York case, apparently rejected by the trial court, speaks to the precise issue we have before us, construes an almost identical statute, and concludes that a bequest of twenty-five percent of an estate to the Chase Manhattan Bank as Trustee of the New York Community Trust was a pecuniary devise based upon its “nature” (i.e., a gift of twenty-five percent) and its location as a preresiduary disposition. Estate of McKee, 504 N.Y.S.2d 394, 132 Misc.2d 562 (N.Y.Sur.Ct.1986). Accordingly, held the McKee court, the charitable beneficiary in that instance was not entitled to share in the income during the estate administration.
Finally, the appellants have urged us to consider the words of George Bogert in The Law of Trusts and Trustees § 817 (Rev. 2d ed. 1981), in which he uses the terms “pecuniary” legatees and “cash” legatees interchangeably. This is significant because Ms. Gilbert specifically directed that certain assets of her estate be reduced to “cash,” which she bequeathed to the charitable beneficiaries.
Even though it appears that Ms. Gilbert’s intention was to provide generously for the charities she chose in her will — and we are not unmindful of the prime importance of the testator’s intention in will construction — we have found nothing to persuade us that the devise to the charitable beneficiaries was not a “pecuniary bequest not in trust.”
Accordingly, we reverse the order of the trial court and remand for proceedings consistent with this opinion.
SCHEB, A.C.J., and ALTENBERND, J., concur.