995 So.2d 1044 (2008)
Tawn BABCOCK, Appellant,
v.
ESTATE OF Bradford L. BABCOCK, decedent, and Terri L. Golini, Personal Representative, Appellees.
No. 4D08-1386.
District Court of Appeal of Florida, Fourth District.
November 12, 2008.
Rehearing Denied December 18, 2008.
*1045 William R. Black, Fort Lauderdale, for appellant.
Keith H. Park of Keith H. Park, P.A., West Palm Beach, for appellees.
WARNER, J.
We affirm the probate orders entered in this case and write to address the issue of whether the bequest contained in the decedent's will constituted a specific bequest of property so that the property would not be included in statutorily exempt property. We conclude that the bequest of all of the decedent's household goods and automobiles to his son constituted a specific bequest, thus removing the property from the statutorily exempt property which the surviving spouse may claim.
Bradford Babcock died leaving a will which provided in Article IV the following bequest:
I devise to my wife, TARA L. BABCOCK, all of my clothing, jewelry, household goods, personal effects, automobiles and all other tangible personal property not otherwise specifically devised herein or pursuant to the written statement or list described in Article Third of this my Last Will and Testament. If my said wife shall not survive me, I devise all of the aforesaid property to my son, BRAXTON D. BABCOCK, if he shall be living at the time of my death.
At the time of his death, he was divorced from Tara and married to Tawn Babcock, from whom he was separated. Because of the divorce, those provisions affecting Tara became void. § 732.507(2), Fla. Stat. Thus, the will would be construed as a bequest to *1046 Braxton of the property contained in Article IV. Tawn was not mentioned in the will and constituted a pretermitted spouse. § 732.301, Fla. Stat.
Tawn filed a motion to determine exempt property pursuant to section 732.402(6), Florida Statutes, which provides that the surviving spouse has the right to a share of the "exempt property," of the estate, which includes certain "[h]ousehold furniture," "furnishings," "appliances," and "automobiles." § 732.402(1), (2), Fla. Stat. However, "[p]roperty specifically or demonstratively devised by the decedent's will to any devisee shall not be included in exempt property." § 732.402(5), Fla. Stat. The trial court determined that the property enumerated in Article IV had been specifically bequeathed to the son and could not be considered exempt property. Tawn appeals this finding, claiming that Article IV constituted a general bequest of property, not a specific bequest.
"A specific legacy is a gift by will of property which is particularly designated and which is to be satisfied only by the receipt of the particular property described." In re Estate of Udell, 482 So.2d 458, 460 (Fla. 4th DCA 1986). See also Park Lake Presbyterian Church v. Henry's Estate, 106 So.2d 215, 217 (Fla. 2d DCA 1958) ("[A] specific legacy is a gift of a particular thing or of a specified part of the testator's estate so described as to be capable of distinguishment from all others of the same kind."). On the other hand, "[a] general legacy or devise is one which does not direct the delivery of any particular property; is not limited to any particular asset; and may be satisfied out of the general assets belonging to the estate of testator and not otherwise disposed of in the will." In re Estate of Udell, 482 So.2d at 460. See also Park Lake, 106 So.2d at 217.
Applying the above definitions to this case, the clothing, jewelry, and automobiles mentioned in the will are clearly specific bequests because they are particularly designated and can be satisfied only by receipt of the particular property. Stated differently, they are specific things or a specific part of the testator's estate. They are not general bequests because they cannot be satisfied out of the general assets of the testator's estate. The bequest in the instant case is similar to that in In re Estate of Gilbert, 585 So.2d 970, 972 (Fla. 2d DCA 1991), where the Second District found that a bequest of "all of her jewelry, clothing, and feminine personalty. . . was a specific bequest of identifiable property."
Tawn points to Article III of the decedent's will, which states: "I may leave a written statement or list of certain items of my tangible personal property not otherwise disposed of herein. Any such statement or list in existence at the time of my death shall be determinative with respect to all items devised therein." She argues that the decedent could not specifically bequeath his property to two different beneficiaries at the same time, and that the decedent reserved the right to specifically bequest the property listed in Article IV to another person. Article IV also recognized that the decedent could prepare a written list and dispose of "property not otherwise specifically devised herein pursuant to the written statement or list described in Article Third." Thus, the will recognizes that an even more specific designation of property would control over the bequest in Article IV. This does not mean that Article IV is not a specific bequest of property.
Our construction of the specific legacy is consistent with that of other jurisdictions. See, e.g., Haslam v. Alvarez, 70 R.I. 212, 38 A.2d 158 (1944) (bequest of all household *1047 goods is a "specific legacy"); Huntington Nat'l Bank of Columbus v. Roan, 43 N.E.2d 769 (Ohio Ct.App.1931) (same); In re Juilliard's Estate, 103 Misc. 178, 169 N.Y.S. 1079 (N.Y.Sur.1918); In re Hawgood's Estate, 37 S.D. 565, 159 N.W. 117 (1916).
Affirmed.
MAY and DAMOORGIAN, JJ., concur.